PINK STEVENSON V. THE STATE.

No. 10120.   Delivered November 3, 1926.

Rehearing denied February 9, 1927.

1.—Manufacturing Intoxicating Liquor — Jeopardy — Plea Of — Properly Overruled.

Where on a trial for manufacturing intoxicating liquor, appellant filed a plea of jeopardy setting forth that he had been formerly convicted of the offense of unlawful possession of a still, etc., involving the same transaction, the plea as presented was properly overruled.   Possessing a still, or equipment, and manufacturing intoxicating liquor, may be two separate offenses, depending on the surrounding facts.   Following Chandler v. State, 89 Tex. Crim. Rep. 601; Calloway v. State, 99 Tex. Crim. Rep. 438.

ON REHEARING.

2.—Same—Jeopardy—Sufficiency of Plea.

Where appellant on trial for the manufacture of intoxicating liquor, filed his plea of jeopardy, setting forth that he had already been tried upon the same facts, and convicted of possessing a still and equipment for the manufacture of intoxicating liquor, which verdict had not been approved, and had not been set aside.   In failing to show the judgment to be final, the sufficiency of the plea is questionable.   See Calloway v. State, 99 Tex. Crim. Rep. 438.

3.—Same—Jeopardy—Quantum of Proof.

A plea of former conviction of the same offense, under a separate indictment, to be sufficient, should set out the facts necessary to show their identity, and the proof should be such as to show the identity of the transaction for which the accused is on trial with that relied upon in bar, and to make this proof, the burden is on the accused.   Williams v. State, 13 Tex. Crim. App. 288, and other cases collated in Branch's Ann. P. C. Sec. 630 Subdiv. 1.

Appeal from the District Court of Hunt County.   Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

*Jas. W. Bassett* and *H. L. Carpenter* of Greenville, for appellant.   On plea of jeopardy the appellant cites:  Herrera v. State, 34 S. W. 943; Whitten v. State, 250 S. W. 165; Plunk v. State, 256 S. W. 922; Coon v. State, 263 S. W. 94; Caults v. State, 252 S. W. 168; Simco v. State, 9 Tex. Crim. App. 348, and Wright v. State, 17 Tex. Crim. App. 158.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Hunt County for unlawfully manufacturing intoxicating liquor, and his punishment assessed at three years in the penitentiary.

We find five bills of exception in the record, in all of which complaint is made to the refusal of the court to permit the appellant to introduce in evidence or show that he had been convicted for the unlawful possession of a still, etc., prior to this trial, contending that said former conviction for the possession of a still would be a bar to the instant case, wherein he was being tried, and was convicted, for manufacturing intoxicating liquors. This contention is untenable. Possessing a still or equipment and manufacturing intoxicating liquor are two separate offenses. Chandler v. State, on rehearing, 89 Tex. Crim. Rep. 601, 232 S. W. 337; Calloway v. State, 99 Tex. Crim. Rep. 438, 270 S. W. 171.

The sentence imposed is for three years, and is here reformed to read not less than one nor more than three years in the penitentiary.

The judgment of the trial court, as reformed, is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the appellant's plea of former conviction are the following averments: That he was charged in two separate indictments, Nos. 4000 and 4001, with two separate offenses respectively, the possession of a still and equipment for the manufacture of intoxicating liquor, and of the manufacture of intoxicating liquor; that in case No. 4000 the trial resulted in a verdict of guilty of the possession of a still and equipment for the manufacture of intoxicating liquor, which verdict had not been approved and had not been set aside. In failing to show the judgment to be final, the sufficiency of the plea is questionable. See Calloway v. State, 99 Tex. Crim. Rep. 438. Appellant claims that the state having carved once, it is prohibited by law from carving again. The principle for which he contends is exemplified in many judicial announcements. See Simco v. State, 9 Tex. Crim. App. 348; Wright v. State, 17 Tex. Crim. App. 158; Whitten v. State, 250 S. W. 165; Coon v. State, 97 Tex. Crim. Rep. 647; Coulter v.

State, 94 Tex. Crim. Rep. 69, 252 S. W. 168; Plunk v. State, 98 Tex. Crim. Rep. 142; Vrazel v. State, 233 S. W. 842. Many others might be mentioned.

At the time of his arrest, the appellant possessed a still and was operating it and making whiskey. According to the averments in his pleading, previous to the present trial, he had been convicted for possessing a still. On the present trial his conviction was for the manufacture of whiskey. The possession of a still for the purpose of manufacturing whiskey is one offense; the operation of the still in the manufacture of whiskey is another offense. Ordinarily, in the nature of things, the possession of a still would precede putting it in operation. The still in the present case was found in a remote place in the woods. The evidence fails to suggest that any other person was connected with it. It must, by some person, have been brought to the place where it was situated, the parts of it assembled, connected and put in condition for use. The circumstances point to the appellant alone as the one connected with the still, both its possession and operation. If there be in the record any evidence suggesting that the appellant's connection with the still was the manufacture of whiskey alone, it has escaped our attention. It is possible, of course, that a still might be possessed by one person and another's connection with it be nothing more than assisting in its operation on some occasion. In such a case, the issue of a single transaction might arise.

The plea interposed by the appellant in the present instance states but the conclusion of the pleader that the previous conviction and the present were upon the identical transaction. The plea presenting the contention that on separate indictments his conviction is upon the identical transaction, to be sufficient, should set out the facts necessary to show the identity. See Williams v. State, 13 Tex. Crim. App. 288; Dupree v. State, 56 Tex. Crim. Rep. 562, and numerous other cases collated in Branch's Ann. Tex. P. C., Sec. 630, subd. 1. Likewise, the proof should be such as to show the identity of the transaction on which the accused is on trial with that relied upon in bar, and to make this proof the burden rests upon the accused. Campbell v. State, 2 Tex. Crim. App. 187; Robinson v. State, 53 Tex. Crim. Rep. 565; Johnson v. State, 34 Tex. Crim. Rep. 115. On the sufficiency of the evidence to meet this requirement, see Samuels v. State, 25 Tex. Crim. App. 537; Augustine v. State, 41 Tex. Crim. Rep. 69; Spannell v. State, 83 Tex. Crim. Rep. 418; also Branch's Ann. Tex. P. C. 323, and cases collated in Sec. 632.

Upon the plea as framed and the facts adduced, we are impressed with the view that this court would not be warranted in holding that the trial judge committed error in failing to submit the question of former conviction to the jury.

The motion for rehearing is overruled.

*Overruled.*