Joe LUNA, Appellant,

v.

The STATE of Texas, Appellee.

No. 45921.

Court of Criminal Appeals of Texas.

April 4, 1973.

Rehearing Denied May 16, 1973.

A. W. Salyars, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., Richard D. Monroe, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for sale of heroin. The court assessed punishment at ten years.

The facts show that on February 19, 1970, appellant sold heroin to Officer Edward Hernandez, Jr., an undercover agent for the Lubbock Police Department.

The sufficiency of the evidence is not challenged.

Initially, appellant contends that the trial court erred in overruling his motion to dismiss this cause and his plea of "former jeopardy."

Appellant argues that because he had previously been convicted in Cause No. 12,598 in the District Court of Lubbock County for a sale of heroin to Officer Hernandez occurring on May 4, 1970, that to try him under the present case, Cause No. 12,602, for a sale to Officer Hernandez alleged to have occurred on February 19, 1970, allows the State to nullify its initial probated sentence by the use of multiple prosecutions over a period of several months. Further, he contends that he was denied his "right to probation" because he was forced to have his punishment assessed by the trial court because he had a prior conviction. These contentions are overruled.

■ The record is clear. Appellant on separate dates three months apart made two different sales of heroin to Officer Hernandez. Two separate and distinct offenses were committed.

■ The protection of the constitutional prohibition against former jeopardy, former conviction or acquittal applies only where the second prosecution is for the same offense as that for which the person has already been in legal jeopardy. The former trial must have been upon the same identical act for which the State is again seeking to prosecute the defendant. Stevenson v. State, 106 Tex.Cr.R. 111, 290 S. W. 536 (1926). The same offense means the identical criminal act, not the same offense by name.

". . . 'One pleading former acquittal or conviction in this state may allege and prove the facts which show the identity of the offense although this may not appear upon the face of the indictment nor from the recitals in the judgment.' Compton v. State, 105 Tex.Cr.R.

516, 289 S.W. 54, 57. Likewise, an offense which might appear to be the same upon the face of the State's pleading and the judgment might be an entirely different criminal act. To illustrate, there might be an entirely different criminal act. To illustrate, there might be two cases against A for assault to murder on B with a pistol on the same alleged date, and a judgment of conviction or acquittal occur in one case. On the face of the pleadings and judgment a plea of former conviction or acquittal would appear good, and yet A may have tried to kill B on two different occasions the same day." Poteet v. State, 138 Tex.Cr. R. 9, 133 S.W.2d 581.

■ The fact that the indictment in the first case would support a conviction for the sale of heroin in the present case, because both were within the statute of limitations of three years, does not prevent the prosecution in the instant case. The controlling factor is the proof that they were different offenses.

It is also argued that appellant was denied his constitutional right to a speedy trial because of the State's delay of some seventy-four (74) days after the offenses occurred before the grand jury indicted him.

This Court, in Baldwin v. State, Tex. Cr.App., 490 S.W.2d 583 (1973), relying on United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), held that a six-month delay in obtaining an indictment did not violate Baldwin's guarantee of a speedy trial.

In Robinson v. United States, 459 F.2d 847 (1972), the U. S. Court of Appeals for the Dist. of Columbia Circuit said, "The efficient utilization of personnel working undercover demands extension of their anonymity for the periods during which the undercover assignments are carried out. Since, as a practical matter, complaints can be publicized only after tours of duty are completed, alleged violators are in the

meantime left unaware that they will be charged."

 While there are times when such delay could amount to a denial of due process, such is not the case here. The Sixth Amendment guarantee of a speedy trial has no application until the putative defendant becomes in some way an "accused." United States v. Marion, supra.

 Next, appellant complains that he was not able to receive a fair trial because of adverse publicity with regard to narcotics offenses prior to trial. The record is void of any motion for change of venue. Absent such a motion, nothing is presented for review.

 · Additionally, appellant complains that he was denied his right to probation. There is no constitutional right to probation. Campbell v. State, Tex.Cr.App., 456 S.W.2d 918. Nor has appellant been denied equal protection because he had had a previous felony conviction and could not receive probation from the jury. He was treated the same as all who are in like conditions and circumstances; that is to say, he is treated the same as all who have had previous felony convictions. Rangel v. State, Tex.Cr.App., 486 S.W.2d 307.

In his final two grounds of error, appellant contends that the trial court erred in admitting into evidence the two packets of heroin allegedly sold to Officer Hernandez. He argues that the State did not prove a proper chain of custody.

 The record shows that Officer Hernandez, though he did not initial the packets themselves, placed the two packets in a brown envelope, sealed it with the metal clip, initialed it and placed a date thereon. Further, it was shown that this envelope was delivered to Detective Plunkett of the Lubbock Police Department. Detective Plunkett testified that he had the brown envelope containing the two packets in his possession at all times from the moment he received it from Officer Hernan-

dez until he mailed it by certified mail to the Department of Public Safety laboratory in Austin. Joe Urbanosky, a chemist for the Department of Public Safety, identified the brown envelope as the one in which the two packets arrived at his laboratory. The chain of custody is sufficient. Cf. Easley v. State, Tex.Cr.App., 472 S.W. 2d 128.

No reversible error being shown, the judgment is affirmed.