**John Patrick BAKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49720.**

Court of Criminal Appeals of Texas.

April 23, 1975.

Stan Brown, Abilene, for appellant.

Ed Paynter, Dist. Atty., and Patricia A. Elliott, Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The appellant was convicted of retaliation pursuant to V.T.C.A., Penal Code Sec. 36.06. The jury assessed his punishment at three years. His sole ground of error alleges that his plea of former jeopardy should have been granted.

The offense of retaliation, a third degree felony, is defined in Section 36.06(a) of our new Penal Code as follows:

"A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the service of another as a public servant, witness, or informant."

The evidence reflects that the Taylor County Child Welfare Unit had been given temporary managing conservatorship of appellant's son, Jacques. On February 19, 1974, the Domestic Relations Court of Taylor County entered an order

"that respondent [appellant in this cause] is enjoined during the pendency

of this suit from disturbing or attempting to disturb the peace of the child or the persons in whose care the child may be placed at home, school, or other places."

The complainant, Vicki Cannon, an employee of the Taylor County Child Welfare Unit, was assigned as a case worker to Jacques's case. On the night of April 25, 1974, she received a telephone call threatening her life. On April 27th, she received two more such calls, both of which also included threats to her life. She testified that the caller in all three instances was the appellant, whose voice she was able to identify.[1] Each threat was accompanied by an extended conversation in which the appellant attempted to persuade the complainant to help him "secure the return of his son."

On May 7, 1974, the Domestic Relations Court found that the appellant was in contempt for failing to comply with the court's order of February 19th. The basis for the contempt was the threat made to the complainant on April 25, 1974, as well as other "harrassing and threatening . . . telephone calls at her home and at her place of work."

As a result of this finding of contempt, the appellant was required to serve six months in the Taylor County jail.

On May 17, 1974, the appellant was indicted for the offense of retaliation. The indictment alleged in part that:

"On or about the 27th day of April, A. D., 1974, and anterior to the presentment of this indictment, John Patrick Baker did then and there unlawfully knowingly and intentionally threaten to harm Vickie Cannon, by an unlawful act, to-wit: by threatening to cause serious bodily injury and death to the said Vickie Cannon in retaliation for and on account of the service of the said Vickie Cannon as public servant, to-wit: as an agent and employee of the Taylor County Child Welfare Unit . . . ." (Emphasis added).

The appellant filed a sworn plea in bar alleging that the contempt conviction of May 7th precluded his trial on this indictment. Appellant presented evidence in support of the motion in a hearing prior to trial. His plea before the jury was "not guilty by reason of former jeopardy."

At the close of the State's case, and again when the case went to the jury, appellant moved for an instructed verdict, basing it in part on former jeopardy. This was denied by the trial court. The appellant objected in writing to the trial court's failure to include in its charge an instruction on the jeopardy issue, and he presented to the court, again in written form, his specially requested charge on that issue. Again, the court denied the requested relief.

Appellant now alleges, as he did in the trial court, that the telephone calls made on April 25th and April 27th were all part of a continuing transaction, and that his contempt conviction bars any criminal prosecution based on any of the three calls.

We reject the contention that the separate telephone threats constituted by a single transaction. In Luna v. State, 493 S. W.2d 854, 855 (Tex.Cr.App.1973), we held:

"The former trial must have been upon the same identical act for which the State is again seeking to prosecute the defendant."

Since two different acts were involved, one on April 25th and one on April 27th, it is unnecessary to discuss the issue of whether a civil contempt conviction resulting in six months' confinement may serve as a basis for a plea of jeopardy.

The judgment is affirmed.

1. The record does not reflect whether these were the only such calls appellant made to the complainant.