Nos.
04-98-01076-CR, 04-98-01077-CR, 04-98-01078-CR,

                               04-98-01079-CR,
04-98-01080-CR, and 04-98-01081-CR

 

                                                    EX
PARTE Eric Henry NAGLE

 

                                  From the 216th
Judicial District Court, Kerr County, Texas 

                 Trial Court Nos. A96-163,
A96-164, A96-165, A96-166, A96-167, A96-168

                                            Honorable
Stephen B. Ables, Judge Presiding

 

Opinion by:       Sarah B. Duncan,
Justice

 

Sitting:  Phil
Hardberger, Chief Justice

Tom Rickhoff,
Justice

Sarah B. Duncan, Justice

 

Delivered and Filed:      December
27, 2000

 

AFFIRMED IN PART AND
REVERSED AND RENDERED IN PART

Eric Henry
Nagle appeals the trial court=s denial of habeas corpus relief. On March 24, 1999, we issued an opinion
and order dismissing the appeals for lack of jurisdiction. Nagle timely filed
motions for rehearing. We grant the motions, withdraw our previous opinion and
order, and issue this opinion and judgment in their stead.








                                   Factual and Procedural Background

In July
1996, a grand jury returned six indictments against Nagle. Each indictment
alleged a different act of aggravated assault by Nagle against one of two
children, H.A. and F.A., who are the daughters of Nagle=s girlfriend: 

1.         Nagle penetrated H.A.=s sexual organ with his sexual organ on or
about January 1, 1995 (Trial Court No. A96-163; Appeal No. 04-98-01076-CR);

 

2.                   
Nagle penetrated H.A.=s sexual organ with his finger on or about December 1,
1994 (Trial Court No. A96-164; Appeal No. 04-98-01077-CR);

 

3.                   
Nagle penetrated H.A.=s sexual organ with his sexual organ on or about
November 1, 1994 (Trial Court No. A96-165; Appeal No. 04-98-01078-CR);

 

4.                   
Nagle penetrated F.A.=s sexual organ with his sexual organ on or about
November 1, 1994 (Trial Court No. A96-166; Appeal No. 04-98-01079-CR);

 

5.                   
Nagle penetrated F.A.=s sexual organ with his sexual organ on or about
December 1, 1994 (Trial Court No.A96-167; Appeal No. 04-98-01080-CR); and

 

6.                   
Nagle penetrated F.A.=s sexual organ with his sexual organ on or about
January 1, 1995 (Trial Court No. A96-168; Appeal No. 04-98-01081-CR).

 

In March 1998,
Nagle applied for a writ of habeas corpus in each case. In each application,
Nagle asked the trial court to dismiss the charge against him with prejudice.
Nagle reasoned that, because the indictment had not been returned until eight
months after he was arrested, it was untimely pursuant to former articles 32.01
and 28.061 of the Code of Criminal Procedure. On April 7, 1998, the trial court
denied relief and set the cases for trial on August 18, 1998. However, the
State announced it would proceed only on Trial Court No. A96-168.








The jury found
Nagle not guilty of sexually assaulting F.A. by penetrating her sexual organ with
his. Thereafter, on October 20, 1998, Nagle again applied for a writ of habeas
corpus in each of the six cases. In these applications, Nagle contends the
State is barred from prosecuting him by the Double Jeopardy Clauses of the
United States and Texas Constitutions and by the doctrine of collateral
estoppel. At a hearing held November 16, 1998, the trial court denied relief.[1]

                                                                                Standard of Review

We
review the trial court=s denial of habeas corpus relief under an abuse of
discretion standard. Ex parte Guinther, 982 S.W.2d 506, 508 (Tex. App.BSan Antonio 1998, no pet.). That is, we Aview the evidence in the light most favorable to the
trial court=s ruling,@
giving the trial court almost total deference with regard to findings of
historical fact supported by the record. Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997). We review the trial court=s determination of the law as well as its application
of the law to the facts de novo. Id. 

                                                                                Restraint of Liberty

                                           (Trial Court No. A96-168;
Appeal No. 04-98-01081-CR)

 

Nagle
applied for a writ of habeas corpus in Trial Court No. A96-168 (Appeal No.
04-98-01081-CR). However, Nagle was acquitted in this case and thus is in no
way restrained in his liberty. Accordingly, the trial court correctly denied
habeas corpus relief in this case. See Tex.
Code Crim. Proc. arts. 11.21-.23 (Vernon 1977). 








                                                     Untimely Indictments

                                                           (Remaining Cases)

 

Nagle
contends the indictments in the remaining five cases should be dismissed
because they were untimely under former articles 28.061 and 32.01 of the Texas
Code of Criminal Procedure. However, Nagle waived his right to relief on this
ground by filing his applications for writs of habeas corpus after the
indictments were returned. See Brooks v. State, 990 S.W.2d 278,
285 (Tex. Crim. App.), cert. denied, 528 U.S. 956 (1999).[2]

 

                                                     Double Jeopardy C F.A. 

                                            (Trial Court Nos. A96-166 and
A96-167;

                                      Appeal Nos. 04-98-01079-CR and 04-98-01080-CR)

Nagle
argues he was acquitted of the charges in Trial Court Nos. A96-166 and A96-167
by virtue of his acquittal in Trial Court No. A96-168. Therefore, Nagle argues,
the State is barred from prosecuting him in these cases by the Double Jeopardy
Cause of the United States Constitution. We agree.

                                                                 Applicable
Law








The Double
Jeopardy Clause bars the state from putting a person in jeopardy twice for the
same offense. U.S. Const. amends.
V, XIV. AFor Double Jeopardy purposes, >[t]he same offense means the identical
criminal act, not the same offense by name.=@ Ex parte Goodbread, 967 S.W.2d 859, 860 (Tex. Crim. App. 1998)
(quoting Luna v. State, 493 S.W.2d 854 (Tex. Crim. App. 1973)). Thus,
each distinct instance of sexual assault may be separately indicted and tried. Id.
at 861. Moreover, the State is not bound by the Aon or about@ date
alleged in the indictment. Id. 860. Therefore, when a single indictment
alleges a single offense, the State may put on evidence of multiple instances
of the same conduct occurring within the limitations period. Brown v. State,
6 S.W.3d 571, 575-76 (Tex. App.BTyler 1999, pet. ref=d). However, the State or the court must elect the instance of conduct
upon which the State is seeking to convict; if an election is not made, double
jeopardy will bar prosecution of all offenses raised by the evidence at trial. Goodbread,
967 S.W.2d  at 861.

An
election is Asome action that excludes or limits the jury=s consideration of an offense.@ Id. at 861 n.2; see, e.g.,
O=Neal v. State, 746 S.W.2d 769, 771 (Tex. Crim. App. 1988)
(election was set out in jury charge together with an instruction limiting the
jury=s consideration of the extraneous acts). To
determine whether further prosecution is jeopardy-barred, the court must review
the proof offered at the first trial and whether an election was made. Goodbread,
967 S.W.2d at 860-61. We thus turn to the record of the trial in Trial Court
No. A96-168.

                                 The
Record in Trial Court No. A96-168

The
indictment in Trial Court No. A96-168 alleged Nagle committed aggravated sexual
assault against F.A. on or about January 1, 1995, by inserting his sexual organ
into F.A.=s sexual organ. To prove its case, the State=s introduced the testimony of three
witnesses: F.A.=s stepmother, the outcry witness; F.A.; and a
doctor who examined F.A.








F.A.=s stepmother testified on direct that F.A.
told her in June 1995 that Nagle had put his genitals into hers and made her
bleed Alots of times@; that F.A. did not know the dates but said Aaround Easter, Christmas, things like that@; and that the last time was around Easter.
On cross-examination, F.A.=s stepmother testified F.A. told her it happened around Easter,
Christmas time, and Thanksgiving time.

The State
was unable to elicit much testimony from F.A., but she testified on
cross-examination that Nagle had done this to her Aa lot of different times.@ In his testimony, the doctor related the
history given him by F.A., which included various acts of sexual assault, and
stated F.A. told him it had occurred Aseven or nine times.@ He also testified F.A.=s stepmother related to him that she had found vaginal discharge and
bloodstains in F.A.=s
panties several times in 1993 and 1994 and once in May 1995. 

At the
close of the evidence and outside the jury=s presence, the State announced it was electing to proceed on the act
of penile penetration that occurred around Easter of 1995. However, this
election was not disclosed to the jury. Rather, the charge instructed the jury
to acquit Nagle unless it found beyond a reasonable doubt that:

on or
about the 1st day of January, 1995, in Kerr County, Texas, the defendant, ERIC
HENRY NAGLE, did then and there, intentionally or knowingly, cause the
penetration of the female sexual organ of [F.A.], a female child then and there
younger than fourteen (14) years of age, by inserting his, the said defendant=s sexual organ in said female sexual organ
...

Nor was the State=s election mentioned in the State=s closing argument.








The trial
court also instructed the jury that the State was not required to prove the
exact date alleged in the indictment; rather, it would be sufficient if the
State proved the offense was committed at any time within ten years before the
presentment of the indictment. Nagle objected to this instruction, warning it
would result in double jeopardy barring prosecution of the other charges. In
line with this instruction, the prosecutor argued A[a]ll we have to prove is that it was
committed prior to the presentment of the indictment, which was July 22nd of
1996, and within the statute of limitations, which is ... ten years.@

                                                                     Discussion

 Based upon this record, Nagle
argues the State=s proof that he sexually assaulted F.A. in
the manner alleged in the indictment Alots of times@ and
its failure to elect the incident on which it wanted to convict placed him in
jeopardy as to all similar acts of sexual assault against F.A.. The State counters
that it made an election to seek a conviction on the sexual assault that
occurred around Easter 1995. Contrary to the State=s argument, however, it did not make an
effective election, because the jury was not limited in any way to the Easter
1995 incident either by the State=s proof or the court=s charge.[3]
Accordingly, the State is barred from prosecuting Nagle for aggravated sexual
assault by inserting his sexual organ into F.A.=s sexual organ on any occasion prior to the July 1996
indictment. We therefore reverse the trial court=s orders denying relief in Trial Court Nos. A96-166 and A96-167 (Appeal
Nos. 04-98-01079-CR and 04-98-01080-CR).








                                                Collateral
Estoppel C H.A.

                                    (Trial Court Nos. A96-163,
A96-164, and A96-165;

                        Appeal
Nos. 04-98-01076-CR, 04-98-01077-CR, and 04-98-01078-CR)

 

Finally, Nagle argues he was acquitted of the charges in Trial Court
Nos. A96-163, A96-164, and A96-165 (alleging various acts of aggravated sexual
assault committed by Nagle against H.A.) by virtue of his acquittal in Trial
Court No. A96-168, because prosecution of the indictments is barred by the
collateral estoppel component of the Double Jeopardy Clause. See Ashe
v. Swenson, 397 U.S. 436, 443-44 (1970) (collateral estoppel prohibits the
State from relitigating an issue of ultimate fact that was necessarily
determined in a previous trial); Dedrick v. State, 623 S.W.2d 332, 336
(Tex. Crim. App. 1981). We disagree. The identity of the perpetrator was not
the only disputed issue at trial. Indeed, Nagle vigorously argued the evidence
did not support a finding that F.A.=s sexual organ had been penetrated by an adult male=s sexual organ; thus, the jury could have
acquitted on that ground, while still believing Nagle had sexually molested
F.A. by other means. Moreover, nothing at trial necessarily implied that the
two girls were molested by the same person. Because the jury in Trial Court No.
A96-198 did not necessarily determine any issue regarding the alleged sexual
assault of H.A., Nagle=s
collateral estoppel argument fails. We therefore affirm the trial court=s orders denying relief in Trial Court Nos.
A96-163, A96-164, and A96-165 (Appeal Nos. 04-98-01076-CR, 04-98-01077-CR, and
04-98-01078-CR).

                                                                 Conclusion








We affirm the trial court=s orders denying habeas corpus relief in Appeal Nos. 04-98-01076-CR,
04-98-01077-CR, 04-98-01078-CR, and 04-98-01081-CR; and reverse the trial court=s orders denying relief in Appeal Nos.
04-98-01079 and 04-98-01080-CR and render judgment dismissing the indictments
in these causes (Trial Court Nos. A96-166 and A96-167).

 

Sarah
B. Duncan, Justice

 

Do not publish











[1]Although the trial court did not issue the requested
writ of habeas corpus, it nonetheless heard argument and ruled on the merits of
Nagle=s double jeopardy and collateral estoppel claims. We
therefore have jurisdiction over these appeals. See Ex parte Hargett,
819 S.W.2d 866, 869 (Tex. Crim. App. 1991).





[2]We also note Nagle has not appealed the trial court=s April 7, 1998 orders. Rather, his notices of appeal
state he appeals Afrom the order of the District Court, entered 16
November 1998, denying his Application For Writ of Habeas Corpus on grounds of
Double Jeopardy.@





[3]Because F.A. was less than ten years old when the
indictment was returned, all of the alleged incidents involving her must have
occurred within the limitation period.