NUMBERS

 13-99-765-CR   &  13-99-766-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________ 



JAKE RUSSELL CHILDERS , Appellant, 



v.

 
THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 



On appeal from the 156th District Court

of Live Oak County, Texas.

 ___________________________________________________________________ 



O P I N I O N

 
Before Chief Justice Seerden and Justices Dorsey and Rodriguez 

Opinion by Justice Dorsey

 

A jury convicted appellant of aggravated assault on Christopher Casarez by hitting him with an ax handle (13-99-765-CR).
Afterwards he pleaded guilty to aggravated assault on Casarez by stabbing him with a knife (13-99-766-CR). He
complains of the former conviction resulting from the assault with the ax handle that there is no evidence it was a
dangerous weapon and that he was entitled to an instruction on self defense. As to the stabbing, he maintains that
prosecution is barred by double jeopardy because of his conviction of the assault with the ax handle. We affirm both
convictions. 

Casarez was at a party on a ranch with a number of other people when appellant hit him on the head with a large ax handle.
They then got into a fist fight, which was broken up by friends. A short time later Casarez was talking to friends when
appellant fought with him a second time. Casarez was on top of appellant on the ground when appellant stabbed him. 

13-99-765-CR Assault with the Ax Handle. 

By point one appellant challenges the legal and factual sufficiency of the evidence to show that the ax handle was a deadly
weapon. Because an ax handle is not a deadly weapon per se the State had to show the ax handle was capable of causing
death or serious bodily injury in the manner of its use by appellant. Bui v. State, 964 S.W.2d 335, 342-43 (Tex.
App.--Texarkana 1998, pet. ref'd). Appellant intentionally hit Casarez on the head with a large ax handle, knocking him to
the ground. He received a severe laceration to his head which had to be closed by sutures to stop the bleeding. A law
enforcement officer opined that an ax handle is a deadly weapon. We hold that the evidence is legally and factually
sufficient for a rational jury to find that the ax handle was a deadly weapon. We overrule point one. 

By point two appellant asserts that the trial court erred in failing to instruct the jury on the issue of self defense. The
appellant used deadly force when he struck Casarez with the ax handle. The use of deadly force is only justified in
self-defense when three conditions are present, one of which is when the accused reasonably believes that deadly force is
immediately necessary to protect himself against the other's use or attempted use of unlawful deadly force. Tex. Penal
Code Ann. § 9.32(3)(A) (Vernon Supp. 2000). There is no evidence that appellant was faced with, or believed he was
faced with, deadly force. We overrule point two. 

13-99-766-CR The Stabbing.

By point one appellant asserts that his conviction is in violation of the double jeopardy protections of the United States and
Texas Constitutions. He argues that because he had previously been convicted in Cause No. 13-99-765-CR, jeopardy
barred his second prosecution. Double jeopardy is violated if an accused is successively prosecuted for the same offense as
that for which he has already been in legal jeopardy. Ex parte Hawkins, 6 S.W.3d 554, 556 (Tex. Crim. App. 1999); Luna
v. State, 493 S.W.2d 854, 855 (Tex. Crim. App. 1973). The former trial must have been upon the same identical act for
which the State is again seeking to prosecute the accused. Luna, 493 S.W.2d at 855. 

Here, two separate and distinct offenses occurred. The first altercation began with the assault with the ax handle, moved
through a fist fight, and ended with the parties being separated by friends. Later in the evening appellant again attacked
Casarez, and they fought again. The stabbing occurred during this second fight. The second prosecution was not for the
same offense as that for which appellant had already been in legal jeopardy. We hold that jeopardy did not bar the second
prosecution. We overrule the point. 

 We AFFIRM the judgments. 



______________________________ 

J. BONNER DORSEY, 

Justice 



Do not publish . 

Tex. R. App. P. 47.3(b). 



Opinion delivered and filed 

this 28th day of December, 2000.