

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-09-00152-CR

GEETIKA PASRIJA                                                        APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

### FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

----------

### MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Geetika Pasrija of family violence assault, and the trial court sentenced her to serve 365 days' confinement in the Denton County Jail, probated for 24 months, and to pay a $100 fine. In her sole point, Appellant contends that she was twice sentenced for a single offense in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States

---

[1]*See* Tex. R. App. P. 47.4.

Constitution. Because no double jeopardy violation occurred, we affirm the trial court's judgment.

On November 13, 2008, Appellant was arrested for assault family violence against her husband, Puneet Arora. The affidavit in support of the arrest warrant alleged that Frisco police officers had been dispatched to Appellant's home at 6:26 a.m. on November 5, 2008, in response to a disturbance. Arora told the officers that during an argument, Appellant had hit him on his arms with the back of her open hand and had grabbed his arms and pulled at his clothing. Arora reported that he "did not feel pain but was offended by the contact." The officers issued Appellant a citation for assault by contact.

At 9:30 a.m., one of the officers was again dispatched to Appellant's home in reference to a disturbance. Arora reported to the officer that Appellant had continued to argue with him in the approximately three hours since the police had left and had struck him with her hands and scratched his chest with her fingernails. Arora also told the officer that Appellant had at some point gone into the kitchen, turned on a gas burner on the stove, grabbed a lighter, and said that she wanted to die and would burn herself. Arora called 911, and while he was on the phone, Appellant strangled him by placing her hands around his neck and squeezing. The officer saw red marks and scratches on Arora's neck and chest. Based on these facts, the affiant officer believed that Appellant "did intentionally, knowingly, or recklessly cause bodily injury to [Arora], a member of her family, by

scratching his neck and chest and by strangling his neck, causing him pain and injury."

On December 15, 2008, Appellant was charged in the case before us, cause number CR-2008-09114-A, with assault family violence against Arora. The charging instrument alleged that Appellant had, on or about November 5, 2008, intentionally, knowingly, or recklessly caused bodily injury to Arora, a member of her family or household, by grabbing or striking him with her hand.

On March 6, 2009, Appellant filed a plea in bar asserting that she already had been charged by complaint in municipal court with the offense of assault and that that complaint contained the same allegation, including the date, as the information in the case before us. Appellant attached to her plea in bar a copy of the complaint filed in the municipal court case, which alleged that on or about November 5, 2008, she had intentionally and knowingly caused physical contact with Arora by striking his arm with her hand when she knew or should have known that he would regard the contact as offensive and provocative. The municipal court had placed Appellant on deferred adjudication for assault– physical contact on February 13, 2009.

In the trial court's hearing on Appellant's plea in bar in the present case, the State argued that the two offenses occurred at different times and were comprised of different elements. The trial court stated that "it's very clear from . . . what's been shown to the Court that these are two separate offenses,"

and, accordingly, the trial court denied Appellant's plea.  The case proceeded to trial, at which the jury found Appellant guilty.  Appellant timely appealed.

No person may be punished twice for a single offense.[2]  When, however, as here, a person commits two similar offenses, the person may be punished for both offenses.[3]  The State persuasively relies on the reasoning of *Luna v. State*,[4] in which the Texas Court of Criminal Appeals explained,

> The same offense means the identical criminal act, not the same offense by name.
>
> . . . One pleading former acquittal or conviction in this state may allege and prove the facts which show the identity of the offense although this may not appear upon the face of the indictment nor from the recitals in the judgment.  Likewise, an offense which might appear to be the same upon the face of the State's pleading and the judgment might be an entirely different criminal act.  . . . To illustrate, there might be two cases against A for assault to murder on B with a pistol on the same alleged date, and a judgment of conviction or acquittal occur in one case.  On the face of the pleadings and judgment a plea of former conviction or acquittal would appear good, and yet A may have tried to [k]ill B on two different occasions the same day.
>
> The fact that the indictment in the first case would support a conviction for the sale of heroin in the present case, because both were within the statute of limitations of three years, does not prevent

---

[2]U.S. Const. amend. V.

[3]*See Blockburger v. United States*, 284 U.S. 299, 301–02, 52 S. Ct. 180, 181 (1932) (upholding Blockburger's convictions for two separate sales of morphine for different prices to the same purchaser when one transaction was completed on the first day and the second transaction began shortly thereafter but was completed the next day).

[4]493 S.W.2d 854 (Tex. Crim. App. 1973).

the prosecution in the instant case. The controlling factor is the proof that they were different offenses.[5]

Appellant assaulted Arora by offensive contact before 6:26 a.m. and was later convicted of assault–physical contact for that conduct.[6] She committed family violence assault with bodily injury against him after 6:26 a.m. but before 9:30 a.m. on the same day and was later convicted of that conduct in this case.[7] The two assaults were separate offenses and do not merge into a single offense. The first assault was completed by the time the police, who were dispatched at 6:26 a.m., left the scene of the assault. The second assault occurred after the first assault was complete and not as part of the first assault.

Because no double jeopardy violation occurred, we overrule Appellant's sole point and affirm the trial court's judgment.

                                                LEE ANN DAUPHINOT
                                                JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 21, 2011

---

[5]*Id.* at 855 (quotations and citations omitted).

[6]*See* Tex. Penal Code Ann. § 22.01(a)(3) (Vernon Supp. 2010).

[7]*See id.* § 22.01(a)(1).