02-09-152-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-09-00152-CR

 

 


 
 
 Geetika Pasrija
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM County
Criminal Court No. 1 OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

A
jury convicted Appellant Geetika Pasrija of family violence assault, and the
trial court sentenced her to serve 365 days’ confinement in the Denton County Jail,
probated for 24 months, and to pay a $100 fine.  In her sole point, Appellant
contends that she was twice sentenced for a single offense in violation of the Double
Jeopardy Clause of the Fifth Amendment to the United States Constitution. 
Because no double jeopardy violation occurred, we affirm the trial court’s
judgment.

On
November 13, 2008, Appellant was arrested for assault family violence against
her husband, Puneet Arora.  The affidavit in support of the arrest warrant
alleged that Frisco police officers had been dispatched to Appellant’s home at
6:26 a.m. on November 5, 2008, in response to a disturbance.  Arora told the
officers that during an argument, Appellant had hit him on his arms with the
back of her open hand and had grabbed his arms and pulled at his clothing. 
Arora reported that he “did not feel pain but was offended by the contact.” 
The officers issued Appellant a citation for assault by contact.

At
9:30 a.m., one of the officers was again dispatched to Appellant’s home in
reference to a disturbance.  Arora reported to the officer that Appellant had
continued to argue with him in the approximately three hours since the police
had left and had struck him with her hands and scratched his chest with her
fingernails.  Arora also told the officer that Appellant had at some point gone
into the kitchen, turned on a gas burner on the stove, grabbed a lighter, and
said that she wanted to die and would burn herself.  Arora called 911, and
while he was on the phone, Appellant strangled him by placing her hands around
his neck and squeezing.  The officer saw red marks and scratches on Arora’s
neck and chest.  Based on these facts, the affiant officer believed that
Appellant “did intentionally, knowingly, or recklessly cause bodily injury to
[Arora], a member of her family, by scratching his neck and chest and by
strangling his neck, causing him pain and injury.”

On
December 15, 2008, Appellant was charged in the case before us, cause number
CR-2008-09114-A, with assault family violence against Arora.  The charging
instrument alleged that Appellant had, on or about November 5, 2008,
intentionally, knowingly, or recklessly caused bodily injury to Arora, a member
of her family or household, by grabbing or striking him with her hand.

On
March 6, 2009, Appellant filed a plea in bar asserting that she already had
been charged by complaint in municipal court with the offense of assault and
that that complaint contained the same allegation, including the date, as the
information in the case before us.  Appellant attached to her plea in bar a
copy of the complaint filed in the municipal court case, which alleged that on
or about November 5, 2008, she had intentionally and knowingly caused physical
contact with Arora by striking his arm with her hand when she knew or should
have known that he would regard the contact as offensive and provocative.  The
municipal court had placed Appellant on deferred adjudication for assault–physical
contact on February 13, 2009.

In
the trial court’s hearing on Appellant’s plea in bar in the present case, the
State argued that the two offenses occurred at different times and were comprised
of different elements.  The trial court stated that “it’s very clear from . . . what’s
been shown to the Court that these are two separate offenses,” and,
accordingly, the trial court denied Appellant’s plea.  The case proceeded to
trial, at which the jury found Appellant guilty.  Appellant timely appealed.

No
person may be punished twice for a single offense.[2] 
When, however, as here, a person commits two similar offenses, the person may
be punished for both offenses.[3]  The State persuasively
relies on the reasoning of Luna v. State,[4] in which the Texas
Court of Criminal Appeals explained,

The same offense means the identical criminal act, not the
same offense by name.

. . . One pleading former acquittal or
conviction in this state may allege and prove the facts which show the identity
of the offense although this may not appear upon the face of the indictment nor
from the recitals in the judgment.  Likewise, an offense which might appear to
be the same upon the face of the State’s pleading and the judgment might be an
entirely different criminal act.  . . . To illustrate, there might be two cases
against A for assault to murder on B with a pistol on the same alleged date,
and a judgment of conviction or acquittal occur in one case.  On the face of
the pleadings and judgment a plea of former conviction or acquittal would
appear good, and yet A may have tried to [k]ill B on two different occasions
the same day.

The fact that the indictment in the
first case would support a conviction for the sale of heroin in the present
case, because both were within the statute of limitations of three years, does
not prevent the prosecution in the instant case.  The controlling factor is the
proof that they were different offenses.[5]

Appellant
assaulted Arora by offensive contact before 6:26 a.m. and was later convicted
of assault–physical contact for that conduct.[6]  She committed family
violence assault with bodily injury against him after 6:26 a.m. but before 9:30
a.m. on the same day and was later convicted of that conduct in this case.[7]
 The two assaults were separate offenses and do not merge into a single
offense.  The first assault was completed by the time the police, who were
dispatched at 6:26 a.m., left the scene of the assault.  The second assault
occurred after the first assault was complete and not as part of the first assault.

Because
no double jeopardy violation occurred, we overrule Appellant’s sole point and affirm
the trial court’s judgment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  April 21, 2011









[1]See Tex. R. App. P. 47.4.





[2]U.S. Const. amend. V.





[3]See Blockburger v.
United States, 284 U.S. 299, 301–02, 52 S. Ct. 180, 181 (1932) (upholding
Blockburger’s convictions for two separate sales of morphine for different
prices to the same purchaser when one transaction was completed on the first
day and the second transaction began shortly thereafter but was completed the
next day).





[4]493 S.W.2d 854 (Tex. Crim.
App. 1973).





[5]Id. at 855
(quotations and citations omitted).





[6]See Tex. Penal Code
Ann. § 22.01(a)(3) (Vernon Supp. 2010).





[7]See id. § 22.01(a)(1).