

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0542-14

**ANTHONY MALDONADO, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

**KELLER, P.J., filed a concurring opinion in which NEWELL, J., joined.**

The question here is whether two of appellant's convictions for indecency with a child are

the same, for double-jeopardy purposes, as two of his convictions for aggravated sexual assault of

a child. In the double-jeopardy context, there are two different analyses for determining the

"sameness" of offenses: an "elements" analysis and a "units" analysis.[1] When the offenses at issue

---

[1] *Ex parte Benson*, No. WR-81,764-01, 2015 Tex. Crim. App. LEXIS 429, *3-4 (Tex. Crim. App. April 15, 2015); *Rubalcado v. State*, 424 S.W.3d 560, 571 (Tex. Crim. App. 2014) ("Offenses that have the same elements under the *Blockburger* test are nevertheless separate if they involve separate allowable units of prosecution."). *See also Brown v. Ohio*, 432 U.S. 161, 164-69 (1977) (elements analysis); *id.* at 169-70 & n.8 (units analysis); *Blockburger v. United States*, 284 U.S. 299, 304 (1932) (formulating the same-elements test); *id.* at 303 (Second drug sale was a separate offense

are codified in two distinct statutory provisions, the offenses must be considered the same under *both* analyses for a double-jeopardy violation to occur.[2] Although the offenses at issue in this case are the same under the "elements" analysis, they are different under the "units" analysis and thus are different for double-jeopardy purposes.

### A. Elements

We have held that the offenses of indecency with a child and aggravated sexual assault of a child are the same under an elements analysis.[3] Appellant's claim, therefore, succeeds on this aspect of the double-jeopardy analysis.

### B. Units

But even when the offenses in question are otherwise the same under an "elements" analysis, the protection against double jeopardy is not violated if the offenses constitute separate allowable units of prosecution.[4] The units inquiry involves determining such things as whether there were two

---

because it "was not the result of the original impulse, but of a fresh one."); *Ex parte Hawkins*, 6 S.W.3d 554, 555-56 & n.6, 557 n.8 (Tex. Crim. App. 1999) (discussing *Brown* and *Sanabria v. United States*, 437 U.S. 54, 98 S. Ct. 2170, 57 L. Ed. 2d 43 (1978)); *Ex parte Denton*, 399 S.W.3d 540, 548-50 (Tex. Crim. App. 2013) (Keller, P.J., concurring) ("[T]he *Blockburger* test sets up a presumption in a multiple-statute elements inquiry . . . . Nevertheless, if offenses under different statutes are the 'same' elementally, then a units analysis could be appropriate if, for example, the pleadings or the evidence indicates that there are different victims.").

[2] *See* previous footnote.

[3] *Evans v. State*, 299 S.W.3d 138, 141-43 (Tex. Crim. App. 2009) (concluding that the offenses are the same under the *Blockburger* same-elements test and that the language of the statutes at issue do not clearly express a legislative intent to the contrary).

[4] *See* this opinion, n.1.

murder victims or whether a victim who was assaulted on Monday was assaulted again on Tuesday.[5]

A "units" analysis consists of two parts: (1) what the allowable unit of prosecution is, and (2) how many units have been shown.[6] The first part of the analysis is purely a question of statutory construction and generally requires ascertaining the focus or gravamen of the offense.[7] The second part requires an examination of the trial record, which can include the evidence presented at trial.[8]

It is at the units inquiry that appellant's claim fails. Discrete acts that occur on separate days are indisputably separate units of prosecution with respect to sexual offenses of the type at issue here (indecency with a child and aggravated sexual assault).[9] The evidence at trial in this case showed

---

[5] *See Benson*, 2015 Tex. Crim. App. LEXIS 429, at *9; *Denton*, 399 S.W.3d at 549 (Keller, P.J., concurring).

[6] *Benson*, 2015 Tex. Crim. App. LEXIS 429, at *9. *See also Hawkins*, 6 S.W.3d at 556 (different victims are different units in a robbery); *Ex parte Cavazos*, 203 S.W.3d 333, 335-37 (Tex. Crim. App. 2006) (entry is the unit in a burglary); *Blockburger*, 284 U.S. at 303 (second drug sale was a "fresh" impulse); *Ex parte Goodbread*, 967 S.W.2d 859, 860-61 (Tex. Crim. App. 1998) (can have multiple prosecutions for different incidents of the same type of sexual assault).

[7] *Benson*, 2015 Tex. Crim. App. LEXIS, AT *9; *Loving v. State*, 401 S.W.3d 642, 647 (Tex. Crim. App. 2013); *Jones v. State*, 323 S.W.3d 885, 888 (Tex. Crim. App. 2010).

[8] *See Blockburger*, 284 U.S. at 303; *Hawkins*, 6 S.W.3d at 557 n.8 (discussing *Blockburger* and units of prosecution); *Goodbread*, 967 S.W.2d at 860 ("For Double Jeopardy purposes, the same offense means the identical criminal act, not the same offense by name. . . . [W]hen one cannot determine from the State's pleadings whether the offenses prosecuted are the same, the court must look to the proof offered at trial.") (citing and quoting favorably from *Luna v. State*, 493 S.W.2d 854 (Tex. Crim. App. 1973)); *id.* at 861 (We look to evidence at trial to determine what instances of conduct conforming to the indictment are jeopardy-barred.). *See also Aekins v. State*, 447 S.W.3d 270, 285 (Tex. Crim. App. 2014) (Keller, P.J., concurring).

[9] *Goodbread*, 967 S.W.2d at 861 ("Every instance of sexual assault is a separate crime and may be prosecuted in separate trials."); *Vernon v. State*, 841 S.W.2d 407, 410 (Tex. Crim. App. 1992) ("We should make it clear from the outset that Appellant's various acts of sexual misconduct, committed against his stepdaughter over a period of six years, do not in fact comprise a single offense under the laws of Texas. Rather, those who commit multiple discrete assaults against the same victim, are liable for separate prosecution and punishment for every instance of such criminal

enough instances of sexual abuse on different days to encompass every offense alleged in the indictment. Even if all of the instances of abuse rose to the level of aggravated sexual assault, rather than *merely* being indecency with a child, they would nevertheless satisfy the elements of indecency with a child, a lesser-included offense. And although the indictment specified that the offenses at issue here occurred on or about the same date, the "on or about" allegation means that the State is not bound by the exact date alleged and may prove any offenses conforming to the allegations that predate the indictment and are within the period of limitations.[10]

Because the evidence at trial showed a sufficient number separate instances of sexual abuse (constituting separate allowable units of prosecution) to encompass all of the sexual offenses listed in the indictment, no double-jeopardy violation occurred. I join the Court's opinion.

Filed: May 13, 2015
Publish

---

misconduct."). *Cf.* Tex. Penal Code § 21.02 (codifying the offense of continuous sexual abuse of a child, which requires proof of multiple instances of sexual abuse).

[10] *Bonilla v. State*, 452 S.W.3d 811, 813 (Tex. Crim. App. 2014); *Goodbread*, 967 S.W.2d at 860; *Sledge v. State*, 953 S.W.2d 253, 255-56 (Tex. Crim. App. 1997).