**Ex Parte Robbie GOODMAN,**
**Appellant.**

**No. 1087–03.**

Court of Criminal Appeals of Texas.

Oct. 20, 2004.

---

Daniel R. Scarbrough, Palestine, for Appellant.

David R. Sorrell, Asst. Districk Atty., Rusk, Matthew Paul, State's Atty., Austin, for State.

## OPINION

HOLCOMB, J., delivered the opinion of the Court, in which MEYERS, PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, and COCHRAN, JJ., joined.

The question in this case is whether the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution prohibits the State from proceeding with its prosecution of appellant for aggregated theft. We hold that the State may

proceed with its prosecution, with one restriction.

We begin with a review of the relevant facts. On August 27, 2001, a Cherokee County grand jury presented an indictment that charged appellant with theft under Texas Penal Code § 31.03. The indictment alleged, in relevant part, that appellant,

on or about the 1st day of July, 1999 and before the presentment of this indictment, in the County and State aforesaid, did then and there intentionally appropriate, by acquiring and otherwise exercising control over, property, to-wit: United States Currency of the value of at least $200,000 from the owner, PATRICK RAY MCCOWN, without the effective consent of the owner, and with the intent to deprive the owner of the property.

On January 22, 2002, the State brought appellant to trial under the indictment. In its opening statement to the jury, the State explained that it intended to prove that on numerous occasions between May 1999 and October 2000, appellant, a delivery truck driver for a lumber company, had intentionally overcharged Patrick McCown for lumber that appellant had delivered to him. The State explained further that the overcharges in question had totaled more than $200,000.[1]

The State's first—and, as it turned out, only—witness, Randy Hatch, an investigator for the Cherokee County District Attorney's Office, testified that in early October 2000, appellant had given him a written statement concerning appellant's deliveries of lumber to McCown. During the course of Hatch's testimony, the State offered appellant's written statement into evidence, but appellant objected to the admission of the written statement on the ground it "contain[ed] extraneous offenses."[2] Appellant explained to the trial court that under the holding in *Turner v. State*, 636 S.W.2d 189 (Tex.Crim.App.1982) (op. on reh'g), the indictment against him charged "but one crime on one date" and that, therefore, evidence of other crimes on other dates was inadmissible. The trial court overruled appellant's objection and admitted his written statement into evidence. A lengthy bench conference then ensued, after which the State moved to dismiss the indictment. The trial court, over appellant's objection, granted the State's motion.

On January 28, 2002, a second Cherokee County grand jury presented an indictment that charged appellant with aggregated theft under Texas Penal Code § 31.09.[3] This second indictment alleged, in relevant part, that appellant,

1. Apparently, the State made the same mistake in this case that it had made in *Turner v. State*, 636 S.W.2d 189 (Tex.Crim.App.1982). That is, the State thought it could add up all of appellant's thefts and charge them as a single, bigger theft under Texas Penal Code § 31.03. What the State should have done, of course, is add up all of appellant's thefts and charge them as a single aggregated theft under Texas Penal Code § 31.09. See *Kellar v. State*, 108 S.W.3d 311, 313 (Tex.Crim.App. 2003); *Turner v. State*, 636 S.W.2d at 194–196; G. Dix & R. Dawson, *Texas Criminal Practice and Procedure* § 20.194 (2nd ed.2001).

2. Although appellant objected to the admission of his written statement on the ground it "contain[ed] extraneous offenses," a careful examination of the written statement, either alone or in the context of Hatch's testimony, reveals that the written statement did not establish the commission of any theft. Hatch's testimony also did not establish the commission of any theft.

3. Texas Penal Code § 31.09 provides: "When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggre-

on or about the 1st day of May, 1999 through October 4, 2000 and before the presentment of this indictment, in the County and State aforesaid, did then and there pursuant to one scheme or continuing course of conduct that began on or about May 1, 1999 and continued until on or about October 4, 2000 unlawfully appropriate by acquiring or otherwise exercising control over property, to-wit: United States Currency from Pat McCown, the owner thereof, with intent to deprive the owner of the property, and the aggregate value of the property obtained was $200,000 or more.

On March 19, 2002, appellant filed a petition for habeas corpus relief in the trial court, asking the trial court to dismiss the second indictment on the ground that the Double Jeopardy Clause of the Fifth Amendment, among other things, barred the State from prosecuting him for the aggregated theft offense alleged in the second indictment. On April 26, 2002, the trial court held an evidentiary hearing on appellant's petition. At that hearing, the State essentially conceded that it intended to present, at the second trial, the same evidence it had originally intended to present at the first trial.[4] Seizing upon the

State's concession, appellant argued his double jeopardy claim as follows:

> Your Honor, double jeopardy is not just a single issue of trying someone twice for the same crime. Double jeopardy is if the underlying facts are the same. If it's the same crime, same dates, same time, same money, it's an issue. If it is, it's double jeopardy; if it's not, it's not. In this issue, Your Honor, my point is that the facts that the first case was tried and relied upon are the exact facts that the second case is being tried on.

On May 23, 2002, the trial court issued an order denying appellant any relief. Appellant appealed from the trial court's order, but on May 30, 2003, the Twelfth Court of Appeals affirmed the trial court's order in an unpublished opinion. *Ex parte Robbie Goodman*, No. 12–02–00160–CR, 2003 WL 21254883 (Tex.App.-Tyler 2003).[5] On September 23, 2003, we granted appellant's petition for discretionary review to determine whether his Double Jeopardy Clause claim has any merit. See Tex.R.App. Proc. 66.3(b).

The Double Jeopardy Clause provides that "[n]o person shall … be subject for the same offence to be twice put in jeopar-

---

gated in determining the grade of the offense."

**4.** From the evidence adduced at the habeas hearing, it appears that the State intended to present, at appellant's first trial, evidence of more than 300 separate incidents, stretching over an 18–month period of time, in which appellant overcharged the complainant for lumber.

**5.** The court of appeals relied upon *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), in holding that the State's prosecution of appellant for aggregated theft was not jeopardy-barred. In our view, the court of appeals erred in two respects. First, the court of appeals failed to complete its *Blockburger* analysis. The *Blockburger* test for determining "whether there are

two offenses [for double jeopardy purposes] or only one is whether each [statutory] provision requires proof of an additional fact which the other does not." *Id.* at 304, 52 S.Ct. 180. The court of appeals looked only at whether aggregated theft requires proof of an element that theft does not, and did not look at whether theft requires proof of an element that aggregated theft does not. Second, the court of appeals failed to realize that the *Blockburger* test does not even apply to a case like this. The *Blockburger* test applies when one criminal act or transaction violates two distinct statutory provisions. *Ibid.* This case does not present such a scenario. Thus, the *Blockburger* test is not "precisely applicable" to this case. See *Vineyard v. State*, 958 S.W.2d 834, 836 n. 5 (Tex.Crim.App.1998).

dy of life or limb." This guarantee was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 796, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

■ One of the concerns underlying the Double Jeopardy Clause is that if the State may repeatedly reprosecute an individual for an offense, then it will have the power to harass our citizens as well as gain an unfair advantage from what it learns in the earlier prosecutions about the strengths of the defense case and the weaknesses of its own. See W. LaFave, *et al., Criminal Procedure* § 25.1(b) at 632 (2nd ed.1999). "Consequently, as a general rule, the prosecutor is entitled to one, and only one, opportunity to require an accused to stand trial." *Arizona v. Washington,* 434 U.S. 497, 505, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978).

■ In line with this understanding of the Double Jeopardy Clause, we have held that if, as in the instant case, the trial court dismisses an indictment on the State's motion after jeopardy attaches,[6] then the Double Jeopardy Clause prohibits the State from reprosecuting the defendant for the offense for which he had been placed in jeopardy of conviction. *Proctor v. State,* 841 S.W.2d 1, 5–6 (Tex.Crim.App. 1992). This constitutional policy of finality protects the defendant from attempts to relitigate the facts underlying the charge that was dismissed. See *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

■ The first indictment against appellant alleged theft of United States currency in the amount of $200,000 or more on or about July 1, 1999. Under our precedent, "on or about" means before the presentment of the indictment and within

the statute of limitations period. *Sledge v. State,* 953 S.W.2d 253, 256 (Tex.Crim.App. 1997). The State's evidence at trial, in support of the first indictment, failed to establish the commission of any theft. We held in *Ex parte Goodbread,* 967 S.W.2d 859, 861 (Tex.Crim.App.1998), that "[w]hen an indictment permits the State to obtain only one conviction, a defendant is not placed in jeopardy for more than one criminal act unless the State offers multiple instances of conduct in support of the indictment." Consequently, under the first indictment, appellant was in jeopardy of conviction for only one theft, committed before the presentment of the indictment and within the statute of limitations period.

Because the trial court granted the State's motion to dismiss the first indictment, the Double Jeopardy Clause prohibits the State from reprosecuting appellant for the one theft alleged in the first indictment. *Proctor v. State,* 841 S.W.2d at 3–4. The Double Jeopardy Clause also prohibits the State from prosecuting appellant for any lesser offense included within the theft alleged in the first indictment, since, for the purposes of the Clause, a greater offense and a lesser included offense are "the same offence." *Brown v. Ohio,* 432 U.S. at 168, 97 S.Ct. 2221.

The State, in its current prosecution of appellant for aggregated theft, may attempt to prove any number of the aggregated theft's constituent thefts. However, consistent with the Double Jeopardy Clause, the State may not attempt to relitigate the facts underlying the theft alleged in the first indictment in an effort to prove that that offense or any of its lesser included offenses is one of the aggregated theft's constituent thefts. In other words, the State, in proving aggregated theft, may

---

**6.** In a jury trial, jeopardy attaches when the jury is empaneled and sworn. *Crist v. Bretz,* 437 U.S. 28, 38, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978).

not rely upon proof of the theft alleged in the first indictment or any of its lesser included offenses. At appellant's trial for aggregated theft, the trial court must ensure that the State does not rely upon such proof. If necessary, the trial court may require the State to prove, by a preponderance of the evidence, that it is not relying upon such proof. If the State is unable to so prove, then the trial court must select, from among the constituent thefts that the State does prove, and strike from the jury's consideration, the one constituent theft that most closely resembles the theft alleged in the first indictment. In that way, the trial court will ensure appellant's rights under the Double Jeopardy Clause.

We reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings consistent with this opinion.

KELLER, P.J., filed a concurring opinion.

KELLER, P.J., concurring.

I join the opinion of the Court except to the extent that it specifies a particular procedure for protecting appellant from violation of his double jeopardy rights. The State should be prohibited from putting on evidence of a single theft that could have been proved under the original indictment. But jeopardy has not attached to the "the one constituent theft offense that most closely resembles" the one pled (whatever that might mean) or any other particular theft that the State could have proved under the indictment. To suggest that the procedure mandated by the Court is the only proper procedure is contrary to our on-or-about jurisprudence.