# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-04-00360-CR

### Ex parte Alfredo Pruitt

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT
### NO. 03-104, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

### O P I N I O N

In this pretrial habeas corpus proceeding, Alfredo Pruitt seeks to prevent prosecution under a pending indictment on double jeopardy grounds, specifically prior acquittal. The district court denied relief. We will affirm the court's order in part and reverse it in part.[1]

Pruitt was indicted in Caldwell County cause number 2001-065 in April 2001. Count one of the indictment alleged that he committed the offense of sexual assault of a child by penetrating the complainant's female sexual organ with his penis on or about August 15, 2000, when the complainant was under the age of seventeen. *See* Tex. Pen. Code Ann. § 22.011(a)(2)(A) (West

---

[1] The State argues that the record is insufficient for appellate review. *See Ex parte Gutierrez*, 987 S.W.2d 227, 230 (Tex. App.—Austin 1999, pet. ref'd). Two hearings were conducted on Pruitt's habeas corpus application. At the initial hearing, Pruitt introduced in evidence the indictment, charge, jury verdicts, and docket sheet from cause number 2001-065. With the State's express consent, the court agreed to take judicial notice of the relevant testimony and jury argument at the trial of that cause. At the second hearing, both parties referred to relevant portions of the prior trial record, and these excerpts from the reporter's record are part of the record on appeal. We conclude that the record is sufficient. *See Hill v. State*, 90 S.W.3d 308, 312 (Tex. Crim. App. 2002).

Supp. 2005).  Count two alleged that he committed the offense of aggravated sexual assault of a child by penetrating the complainant's female sexual organ with his penis on or about June 15, 1997, when the complainant was under the age of fourteen.  *See id*. § 22.021(a)(1)(B)(I), (2)(B).  Pruitt was tried on this indictment, and the jury returned verdicts of not guilty on both counts.

Pruitt was indicted in the present cause, Caldwell County cause number 2003-104, in May 2003.  Count one, paragraph one and count two, paragraph one of the new indictment allege that Pruitt committed the offense of sexual assault of a child by causing the complainant's sexual organ to contact his sexual organ on or about June 15 (count one) and July 15 (count two), 1999, when the complainant was under the age of seventeen.  *See id*. § 22.011(a)(2)(C).  Count one, paragraph two and count two, paragraph two allege that on or about the same dates, Pruitt committed the offense of sexual assault of a child by penetrating the complainant's female sexual organ with his penis.  *See id*. § 22.011(a)(2)(A).

Pruitt argues that he was placed in jeopardy for and acquitted of the sexual assaults alleged in the present indictment at his trial in cause number 2001-065.  The State responds that prosecution on the new indictment will not constitute double jeopardy because the offenses alleged are different from those alleged in the prior cause.  Because the issues raised concern the application of the law to undisputed facts, we review the trial court's decision de novo.  *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

The Fifth Amendment double jeopardy clause protects against a second prosecution for the same offense after a conviction or an acquittal, and against multiple punishments for the same offense.  *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).  It is enforceable against the states

2

through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 787 (1969). The constitution and laws of Texas also protect against double jeopardy, but Pruitt does not contend that this protection exceeds that provided by federal law. *See* Tex. Const. art. I, § 14; Tex. Code Crim. Proc. Ann. art. 1.10 (West 2005).

For double jeopardy purposes, the same offense means the identical criminal act, not the same offense by name. *Ex parte Goodbread*, 967 S.W.2d 859, 860 (Tex. Crim. App. 1998) (quoting *Luna v. State*, 493 S.W.2d 854, 855 (Tex. Crim. App. 1973)). Thus, a conviction or acquittal on an earlier indictment does not bar prosecution for an offense that could have been prosecuted under its language but was not. *Id*. at 861. On the other hand, if evidence of more than one offense was offered at the earlier trial and a conviction under the indictment could have been had for any one of them, and neither the State nor the trial court elects, a subsequent prosecution for any of the offenses proved is barred by former jeopardy. *Id*. at 860 (quoting *Walker v. State*, 473 S.W.2d 499, 500 (Tex. Crim. App. 1971)). Thus, in order to determine if double jeopardy bars Pruitt's prosecution on the new indictment, we must look to the evidence adduced at the trial in cause number 2001-065.

The complainant, Pruitt's stepdaughter, was born on July 7, 1984. She testified that Pruitt first had sexual intercourse with her in 1998, after she completed the eighth grade but before her fourteenth birthday. She said that the incident began with Pruitt asking to see her breasts. He had been causing her to expose her breasts for about a year, and the complainant said she "was in the habit of doing it after so long." On this occasion, however, Pruitt "asked me if I wanted to go further." The complainant testified, "I didn't say yes and I didn't say no either." Pruitt then placed

3

the complainant on a bed, removed her clothes, put on a condom, and penetrated her vagina with his penis. The complainant testified that Pruitt continued to have sexual intercourse with her "at least once a month" for over two years. Most of these acts took place in the bathroom of the family residence. Pruitt would direct her to remove her pants and bend forward, then penetrate her vagina with his penis from behind. The last act of intercourse occurred in late August or early September 2000, and she made her first outcry to her mother a month later.

The complainant's testimony at the first trial encompassed every act of genital penetration committed by Pruitt from the first act in the spring of 1998 to the last in the summer of 2000. This includes the June and July 1999 acts of genital penetration alleged in count one, paragraph two and count two, paragraph two of the current indictment. Because these acts would have supported his conviction under count one of the original indictment, Pruitt argues that prosecution on these paragraphs is barred by his acquittal at the first trial. The State responds that jeopardy does not apply to these offenses because there was an election at the first trial and only Pruitt's first and last acts of intercourse with the complainant were submitted to the jury. The State's argument is not borne out by the record.

The State relies on the prosecutor's jury argument at the first trial, during which he drew the jury's attention to the fact that the first act of intercourse described by the complainant occurred before her fourteenth birthday and thus supported a conviction for aggravated sexual assault of a child, and that the last act of intercourse described by the complainant occurred before her seventeenth birthday and thus supported a conviction for sexual assault of a child. But even if jury argument can be an adequate substitute for a formal election, the prosecutor did not tell the jurors

4

that they were to consider only those two alleged acts in determining Pruitt's guilt, and neither did the trial court. To the contrary, the court's charge instructed the jurors that "the State is not required to prove the exact date alleged in the indictment, but may prove the offense, if any, to have been committed at any time prior to the presentment of the indictment, so long as said indictment is presented within ten years from the 18th birthday of the victim of the offense." Thus, the record supports Pruitt's contention that at his first trial, he was placed in jeopardy for every act of genital penetration he allegedly committed against the complainant prior to the return of the indictment in cause number 2001-065. *See Ex parte Nagle*, 48 S.W.3d 213, 217-18 (Tex. App.—San Antonio 2000, no pet.). This includes the offenses alleged in count one, paragraph two and count two, paragraph two of the current indictment. Prosecution for the offenses alleged in these paragraphs would therefore constitute double jeopardy.

We now turn to the offenses alleged in count one, paragraph one and count two, paragraph one of the new indictment. In *Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999), the court of criminal appeals held that each subsection of penal code section 22.021(a)(1)(B) describes conduct constituting a separate statutory offense. By analogy to *Vick*, we conclude that sexual assault by genital-to-genital contact as defined in penal code section 22.011(a)(2)(C) is a separate statutory offense from sexual assault by genital penetration as defined in section 22.011(a)(2)(A).

When the same conduct violates two distinct statutory provisions, the first step in double jeopardy analysis is to determine whether the legislature intended that each violation be a separate offense. *Garrett v. United States*, 471 U.S. 773, 778 (1985). "If [the legislature] intended

5

that there be only one offense—that is, a defendant could be convicted under either statutory provision for a single act, but not under both—there would be no statutory authorization for a subsequent prosecution after conviction of one of the two provisions, and that would end the double jeopardy analysis." *Id*. The court of criminal appeals has held that although the legislature intended harsh penalties for sexual abuse of children, it did not intend to authorize "stop-action prosecutions." *Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004). A conviction for a completed act of sexual assault bars conviction for conduct that is demonstrably part of the commission of that offense. *Id.*

Genital-to-genital contact that occurs in the course of an act of penile penetration is subsumed in the completed act. *Id*.; *Barnes v. State*, 165 S.W.3d 75, 88 (Tex. App.—Austin 2005, no pet.). A conviction for both the completed act of penetration and the contact incident to the penetration constitutes double jeopardy. *Barnes*, 165 S.W.3d at 88. Similarly, the State may not in this cause prosecute Pruitt for sexual assault based on genital-to-genital contact that was incident to and subsumed within the alleged sexual assaults by genital penetration for which he was placed in jeopardy and acquitted at his trial in cause number 2001-065. *See Vick*, 991 S.W.2d at 834 n.2.

In his brief to this Court, Pruitt also refers to the Fifth Amendment collateral estoppel doctrine. Under this doctrine, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). This means that once a jury determines a discrete fact in favor of a criminal defendant, the State cannot contest the jury's finding in a subsequent proceeding. *Ex parte Watkins*, 73 S.W.3d 264, 268 (Tex. Crim. App. 2002). Pruitt does not identify any discrete fact determined in his favor at the first trial that would preclude his

6

prosecution for acts of genital-to-genital contact against the complainant that are distinct from the alleged sexual assaults for which he was acquitted.

We hold that the State may, consistent with the double jeopardy clause, prosecute Pruitt under the current indictment for sexual assault of a child by genital-to-genital contact provided, however, that the contact proved must be distinct from, and not an incident of, any act of genital penetration committed by Pruitt against the complainant prior to the return of the indictment in cause number 2001-065. It will be the responsibility of the trial court to ensure that the State does not prove conduct that is jeopardy-barred. *See Ex parte Goodman*, 152 S.W.3d 67, 72 (Tex. Crim. App. 2004).

With regard to count one, paragraph two and count two, paragraph two of the instant indictment, the district court's order denying habeas corpus relief is reversed and the paragraphs are dismissed. With regard to count one, paragraph one and count two, paragraph one of the indictment, the order denying habeas corpus relief is affirmed. The cause is remanded to the district court for further proceedings consistent with this opinion.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed in Part; Reversed and Dismissed in Part

Filed: February 2, 2006

Publish

7