Affirmed and Memorandum Opinion filed April 28, 2009








Affirmed and Memorandum Opinion filed April 28, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00497-CR

_______________

 

THE STATE OF TEXAS, Appellant

 

V.

 

MARK EARL HAILEY, Appellee

                                                                                                                                               


On Appeal from the 21st District Court

Washington County, Texas

Trial Court Cause No. 14,862  

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

The
State of Texas appeals from the trial court=s order quashing an indictment
against appellee Mark Earl Hailey.  In a single issue, the State contends the
trial court erred in quashing the indictment on double jeopardy grounds.  We
affirm.

 

 








I.  Background

In
October 2006, appellee was indicted in Cause No. 14,761 for the felony offense
of possession of certain chemicals with intent to manufacture a controlled
substance.  Specifically, the indictment alleged that appellant Awith intent to unlawfully manufacture
a controlled substance, namely methamphetamine, possess an immediate precursor,
to-wit: Pseudophedrine@ on or about August 4, 2006 (the Afirst indictment@).  A jury trial on the merits of
this indictment commenced on March 5, 2007.  On March 6, 2007, the State moved
to dismiss the action Ain the interest of justice@;[1]
the trial court signed the dismissal order that same day.

In April
2007, in Cause No. 14,862, the State subsequently charged appellee by
indictment with the felony offense of possession of a chemical precursor,
pseudoephedrine, with intent to manufacture methamphetamine, alleged to have
occurred on or about August 4, 2006 (the Asecond indictment@).  Appellee filed a motion to quash
the second indictment pursuant to the state and federal constitutions and the
Texas Code of Criminal Procedure, asserting a double jeopardy claim.  The trial
court held a hearing on appellee=s motion to quash in May 2007.  After
the hearing, the trial court granted appellee=s motion to quash the second
indictment under the Adouble jeopardy clause of the laws of the State of Texas@ and ordered the second indictment
dismissed with prejudice.  The State timely filed this accelerated appeal.  

II.  Issue Presented

In a
single issue, the State asserts that the trial court erred in granting appellee=s motion to quash.








III.  Analysis

A.        Standard of Review and
Applicable Law

We
review de novo a trial court=s ruling on a motion to quash where, as here, the issue is
purely a question of law.  See State v. Moff, 154 S.W.3d 599, 601 (Tex.
Crim. App. 2004).  The double jeopardy provisions of the state and federal
constitutions protect citizens from repeated attempts at prosecution for the
same criminal offense.  Ex parte Wheeler, 203 S.W.3d 317, 322 (Tex.
Crim. App. 2006).  If a trial court dismisses an indictment on the State=s motion after jeopardy attaches,
then the State is prohibited from re-prosecuting the defendant for that
offense.  Ex parte Goodman, 152 S.W.3d 67, 71 (Tex. Crim. App. 2004). 
Jeopardy attaches, in a jury trial, when the jury is empaneled and sworn.  Id.
at n.6 (citing Crist v. Bretz, 437 U.S. 28, 38 (1978)).  Here, neither
party disputes that jeopardy attached to the first indictment; the only
question is whether the second indictment represents an attempt by the State to
prosecute appellee for the same offense twice.








Generally,
under the Blockburger test for double jeopardy,[2]
two offenses do not constitute the same offense if each offense contains an
element that the other does not.  See United States v. Dixon, 509 U.S.
688, 696 (1993); see also Lopez v. State, 108 S.W.3d 293, 295B96 (Tex. Crim. App. 2003).  In
conducting the Blockburger test, the elements in the charging
instruments, rather than solely those in the penal provisions, are
controlling.  Bigon v. State, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008)
(applying Blockburger test in the context of multiple punishments). 
Additionally, in the context of a drug offense, a defendant cannot be convicted
of both possession and delivery of the same specific quantity and type
of a controlled substance during the same transaction because the convictions
would violate double jeopardy.  See Lopez, 108 S.W.3d at 300B01 (A[W]e hold that the offer to sell and
the possession of drugs to complete that specific sale is one single offense. 
Although the State may charge the offense as being committed in either of these
modes, it cannot obtain two convictions for the same
sale . . . .@).

According
to the Texas Health & Safety Code, 

[a] person
commits an offense, if with intent to unlawfully manufacture a controlled
substance, the person possesses or transports:

(1)       anhydrous ammonia;

(2)       an immediate precursor; or

(3)       a chemical precursor . . . .

Tex.
Health & Safety Code Ann. ' 481.124(a) (Vernon Supp. 2008).  Here, both indictments
specifically charge appellee with possessing a precursor with the intent to
manufacture methamphetamine.  In the first indictment, the State alleged
appellee was in possession of an immediate precursor, and in the second,
the State alleged appellee was in possession of a chemical precursor. 








But the
specific precursor alleged in both indictments was the same:  pseudoephedrine.[3] 
Thus, under both the first and second indictments,[4]
the State was required to prove that appellee was in possession of
pseudoephedrineCwhether it was a chemical or immediate precursorCwith the intent to manufacture
methamphetamine.  The State dismissed the charges in the first indictment after
a jury was empaneled and it had presented its case.  The State then re-indicted
appellant for what is, in essence, the same offense; there are no additional
facts necessary to establish appellant=s guilt under the second indictment
beyond those that were necessary to establish appellant=s guilt under the first indictment.  Cf.
Littrell v. State, 271 S.W.3d 273, 275B76 (Tex. Crim. App. 2008) (A[I]t should be presumed that the
Legislature did not regard two statutorily defined offenses to be the same if >each provision requires proof of a
fact which the other does not.=@) (quoting Garza v. State, 213
S.W.3d 338, 351B52 (Tex. Crim. App. 2007)). 

Regardless
of the rationale behind the State=s decision to dismiss the case
against appellee, it cannot re-prosecute him for the same offense for which he
has already been placed in jeopardy.  See Goodman, 152 S.W.3d at 72; cf.
Lopez, 108 S.W.3d at 300B01 (convictions for both possession and sale of same quantity
and type of controlled substance in same transaction would violate double
jeopardy).  We therefore overrule the State=s issue.

IV.  Conclusion

The
trial court did not err in granting appellee=s motion to quash the second
indictment.  We therefore overrule the State=s sole issue on appeal and affirm the
judgment of the trial court.

 

 

/s/        Eva M. Guzman

Justice

 

 

Panel consists of Justices Yates,
Guzman, and Sullivan.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  In its statement of facts, the State asserts ACause No. 14,761 proceeded to trial on the merits.  After
the State had rested its case, the State moved for a dismissal, asserting
that effective February 16, 205, PSEUDOPHEDRINE was no longer an IMMEDIATE
PRECURSOR pursuant to TEX. HEALTH & SAFETY CODE ANN. ' 481.002(22) (Vernon Supp. 2005).@  (first emphasis added).





[2]  Blockburger v. United States, 284 U.S. 299,
304 (1932).





[3]  Pseudoephedrine is listed as a chemical precursor in
the Controlled Substances Act.  See Tex.
Health & Safety Code Ann. '
481.002(51)(O).  The parties agree that pseudoephedrine was included in the
list of immediate precursors propounded by the commissioner of public health,
but was removed from this list prior to the date of the offense appellee
allegedly committed.  See id. '
481.002(22) (defining Aimmediate precursor@). 






[4]  See Bigon, 252 S.W.3d at 369B70.