

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00119-CR

## EX PARTE PATRICIA RUSH

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2011-1857-C1A**

## MEMORANDUM OPINION

A grand jury indicted Patricia Rush on five counts of aggravated sexual assault of a child, five counts of improper educator-student relationship by deviate sexual intercourse, four counts of indecency with a child, and four counts of improper educator-student relationship by sexual contact. A jury acquitted Rush on ten of the counts but was unable to reach a verdict on the remaining eight counts. The trial court declared a mistrial on those eight counts.

Because the State sought to retry Rush, she filed a pretrial application for writ of habeas corpus alleging that further prosecution on the remaining eight counts is barred by double jeopardy. After a hearing on the application, the trial court denied the application. Rush appeals, raising two issues.

A pretrial writ of habeas corpus is a proper vehicle to raise double jeopardy. *See Ex parte Watkins*, 73 S.W.3d 264, 273 (Tex. Crim. App. 2002); *Ex parte Graves*, 271 S.W.3d 801, 804 (Tex. App.—Waco 2008, pet. ref'd). Among other protections, the Fifth Amendment's Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989); *Graves*, 271 S.W.3d at 804.

> For double jeopardy purposes, the same offense means the identical criminal act, not the same offense by name. *Ex parte Goodbread*, 967 S.W.2d 859, 860 (Tex. Crim. App. 1998) (quoting *Luna v. State*, 493 S.W.2d 854, 855 (Tex. Crim. App. 1973)). Thus, a conviction or acquittal on an earlier indictment does not bar prosecution for an offense that could have been prosecuted under its language but was not. *Id.* at 861. On the other hand, if evidence of more than one offense was offered at the earlier trial and a conviction under the indictment could have been had for any one of them, and neither the State nor the trial court elects, a subsequent prosecution for any of the offenses proved is barred by former jeopardy. *Id.* at 860 (quoting *Walker v. State*, 473 S.W.2d 499, 500 (Tex. Crim. App. 1971)).

*Ex parte Pruitt*, 187 S.W.3d 635, 638 (Tex. App.—Austin 2006), *aff'd*, 233 S.W.3d 338 (Tex. Crim. App. 2007).

> The burden is on the applicant to prove his allegations by a preponderance of the evidence. *Ex parte Chandler*, 182 S.W.3d 350, 353 n.2 (Tex. Crim. App. 2005). The applicant also has the burden to bring before the court a record sufficient to prove his allegations. *Id.* In a habeas proceeding, the trial court may take judicial notice of earlier proceedings before the same judge and involving the same parties. *Ex parte Turner*, 612 S.W.2d 611, 612 (Tex. Crim. App. 1981). Appellate review of the court's ruling is not limited to the evidence adduced at the habeas hearing, but may include the record as it existed before the trial court at the time of the hearing. *State v. Ybarra*, 942 S.W.2d 35, 36-37 (Tex. App.—Corpus Christi 1996), *pet. dism'd*, 977 S.W.2d 594 (1998).

*Ex parte Coleman*, 350 S.W.3d 155, 160 (Tex. App.—San Antonio 2011, no pet.).

In the habeas hearing, the trial court admitted the relevant evidence from the first trial. We review a trial court's decision to grant or deny habeas relief by viewing the evidence in the light most favorable to the trial court's ruling. *Ex parte Peterson*, 117 S.W.3d 804, 818 (Tex. Crim. App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007).

> We afford "'almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor.'" *Id.* (quoting *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). In such instances, we utilize an abuse of discretion standard. *Id.* We afford the same amount of deference to the trial court's ruling on "application of law to fact questions," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id.* However, if the resolution of those ultimate questions turns on an application of legal standards absent any credibility issue, we review the determination de novo. *Id.*

*State v. Webb*, 244 S.W.3d 543, 547 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

The five counts that alleged aggravated sexual assault (counts 1, 3, 5, 7, and 9) contain virtually identical allegations, namely that Rush did "intentionally or knowingly cause the sexual organ of J.P., a child who was then and there younger than 14 years of age, and not the spouse of the Defendant, to contact the mouth of the said Defendant." The five counts varied as to the dates of the alleged offenses, alleging that they occurred "on or about" March 1, 2007, March 5, 2007, March 7, 2007, March 10, 2007, and March 15, 2007, respectively.

The five counts alleging improper educator-student relationship by deviate sexual intercourse (counts 2, 4, 6, 8, and 10) likewise contain virtually identical

allegations, namely, that Rush did, while "an employee of a public primary school, to-wit: Hallsburg Independent School District, intentionally or knowingly engage in deviate sexual intercourse with J.P., a person who was enrolled in the said Hallsburg Independent School District, by then and there placing her mouth in contact with the genitals of J.P. The dates alleged in these counts corresponded to the dates alleged in the five counts alleging aggravated sexual assault.

In the first trial, the jury did not reach a unanimous verdict on counts 1 through 4. The jury acquitted Rush on counts 5 through 10 and 13, 14, 17, and 18, which were: three counts of aggravated sexual assault (counts 5, 7, and 9) and the corresponding three counts of improper educator-student relationship by deviate sexual intercourse (counts 6, 8, and 10), two counts of indecency with a child (counts 13 and 17), and two counts of improper educator-student relationship by sexual contact (counts 14 and 18). During the hearing on Rush's application, the State abandoned counts 11 and 12, and in its brief in this appeal, the State further abandoned counts 15 and 16. Thus, the only remaining counts at issue are counts 1 through 4.

Counts 1 and 2 allege aggravated sexual assault and improper educator-student relationship by deviate sexual intercourse, respectively, and are based on the same conduct alleged to have occurred on or about March 1, 2007. Counts 3 and 4 allege aggravated sexual assault and improper educator-student relationship by deviate sexual intercourse, respectively, and are based on the same conduct alleged to have occurred on or about March 5, 2007.

In her first issue, Rush asserts that a second trial on counts 1 through 4 is barred by double jeopardy because the jury heard evidence of more offenses than were alleged in the indictment and the State failed to elect which offenses it would rely on for conviction. The State disputes Rush's assertion that there was evidence of more offenses than were alleged in the indictment and claims that it was therefore unnecessary to make an election.

Election is unnecessary when the State's evidence does not present more offenses than counts in the indictment. *See Martinez v. State*, 225 S.W.3d 550, 555 (Tex. Crim. App. 2007); *see also Goodbread*, 967 S.W.2d at 860 ("'If evidence of more than one offense is admitted and a conviction for either could be had under the indictment, and neither the State nor the court elects, a plea of former conviction is good upon a prosecution based upon one of said offenses, it being uncertain for which one the conviction was had.'") (quoting *Walker*, 473 S.W.2d at 500); *Hulsey v. State*, 211 S.W.3d 853, 855 (Tex. App.—Waco 2006, no pet.) ("The general rule is when 'one act of intercourse is alleged in the indictment and more than one act of intercourse is shown by the evidence in a sexual assault trial, the State must elect the act upon which it would rely for conviction.'") (quoting *O'Neal v. State*, 746 S.W.2d 769, 771 (Tex. Crim. App. 1988)); *cf. Ex parte Pruitt*, 233 S.W.3d 338 (Tex. Crim. App. 2007).

In the first trial, J.P. testified that Rush performed oral sex on him five times. He said that the first time occurred in February or early March of 2007 and happened in her kitchen. The second time occurred shortly after (within days of) the first time and

happened in Rush's truck in the school gym parking lot.  The next (third) time occurred in March 2007 at Rush's swimming pool.

J.P. testified to two more occasions when Rush performed oral sex on him in March of 2007:  when she called him to come over to her house to help her upright an all-terrain vehicle (ATV) and Rush performed oral sex on him while he was seated on the ATV in Rush's shop, and when they were again in the shop looking for a gas can.  J.P. was unsure of the chronological order of those two occasions.

These five incidents of oral sex correspond with both the five counts of aggravated sexual assault and the five counts of improper educator-student relationship by deviate sexual intercourse.  Rush asserts that there was testimony of other acts of oral sex extraneous to these five incidents (and that the State therefore should have made an election) by pointing to J.P.'s testimony on cross-examination.  The State disagrees with Rush's assertion that J.P. testified to acts other than the five incidents.

On direct examination, J.P. testified that there were five incidents of oral sex and, as set out above, detailed each incident.  In cross-examination of J.P., defense counsel brought out J.P.'s inconsistent and evolving revelations to law enforcement of Rush's sexual activity with him.  J.P. admitted that he first told law enforcement that there was only one incident of oral sex and that he later told them that it happened "many times."[1]  We agree with the State that this reference to "many times" does not prove

---

[1] Rush also cites to J.P.'s cross-examination where he admitted telling law enforcement that it "happened a bunch of times," but in the context of that questioning, it is clear that J.P. was talking about incidents of sexual contact (the conduct that was the basis for counts 11 through 18), not incidents of oral sex.

more offenses than counts in the indictment but was rather a recapitulation of the five incidents; "many" is not inconsistent with the five incidents that J.P. described in his direct examination.

In conclusion, we agree with the State that the jury did not hear evidence of more offenses than were alleged in the indictment, and the State thus did not have to elect which offenses it would rely on for conviction. In this respect, double jeopardy does not bar retrial on counts 1 through 4, and the trial court did not abuse its discretion in denying Rush's application on this ground. Issue one is overruled.

Rush's second issue asserts in the alternative that a second trial is barred by double jeopardy because it cannot be determined with any certainty which offenses Rush was acquitted of and which offenses the jury could not reach a verdict on. The State disputes Rush's assertion, arguing that, based on the indictment, J.P.'s testimony, and the jury charge and verdict forms, it is plain that the jury hung on the first two incidents of oral sex. We agree with the State.

The indictment lists the five counts of aggravated sexual assault of a child and corresponding five counts of improper educator-student relationship by deviate sexual intercourse in ascending chronological order: On or about March 1, 2007, March 5, 2007, March 7, 2007, March 10, 2007, and March 15, 2007, respectively. The jury instructions and the verdict forms set out the counts in that same order. J.P.'s testimony about the five incidents of oral sex—the conduct that is the subject of these ten counts— was likewise presented sequentially, as detailed above. Because the ten counts were set out in sequential order, and because the evidence substantially conformed to that order,

there was a clear link between the five incidents of oral sex and the five counts of aggravated sexual assault of a child and corresponding five counts of improper educator-student relationship by deviate sexual intercourse.

Counts 1 and 2, alleging aggravated sexual assault of a child and improper educator-student relationship by deviate sexual intercourse on or about March 1, 2007, factually link with J.P.'s description of the first incident of oral sex, which he said happened in February or early March of 2007 in Rush's kitchen. Counts 3 and 4, alleging the same two offenses on or about March 5, 2007, factually link with J.P.'s description of the second incident of oral sex, which he said happened in Rush's truck just "days" after the first time. It is these four counts that the jury hung on. Counts 5 through 10, on which the jury acquitted Rush, link to the other three alleged incidents of oral sex.

Rush points to two testimonial statements by J.P. in her suggestion that the record is muddled. First, at the end of J.P.'s direct examination, he said that he was not sure that he was "remembering all the details in all the right order." We do not agree that this general and vague statement prevented the trial court, which had the ability to observe J.P.'s credibility and demeanor at trial, from meaningfully differentiating between the counts on which the jury hung and on which they acquitted Rush when the trial court ruled on Rush's request for habeas relief. The same holds for J.P.'s testimony on cross-examination where, after repeating that the first incident of oral sex occurred in Rush's kitchen, he stated about when the second incident of oral sex occurred: "I want to say in her truck. I don't exactly remember the order. I remember what

happened to me, but I don't remember what order they came in."  The trial court was in the best position to evaluate J.P.'s testimony in ruling on Rush's request for habeas relief, and we cannot say that the trial court abused its discretion.  Issue two is overruled.

Having overruled Rush's two issues, we affirm the trial court's order denying Rush's application for writ of habeas corpus.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed August 23, 2012
Do not publish
[CR25]