**1233·14**

ORIGINAL

No. PD-1233-14

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

DONNA GAYLE HOLCOMB

*Petitioner,*

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 14 2015

Abel Acosta, Clerk

V.

THE STATE OF TEXAS

*Respondent.*

---

## PETITIONER'S MOTION FOR REHEARING

---

On Appeal from the First Court of Appeals in
Cause No. 01-08-00337-CR and from the 230th District Court
of Harris County, Texas in Cause No. 1141352

---

TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, DONNA HOLCOMB, Petitioner in the above-entitled appeal and files this, her Motion for Rehearing of the Court's refusal of Petitioner's Petition for Discretionary Review ("PDR") and in support thereof would show the Court the following:

FILED IN
COURT OF CRIMINAL APPEALS

MAY 14 2015

Abel Acosta, Clerk

1

## I. GROUNDS FOR REHEARING

### A. CLERICAL ERRORS CORRECTED

1. After Petitioner's PDR was refused shortly after it had been received, Petitioner contacted the Clerk of the Court to ask if Petitioner's PDR could have been refused based upon clerical errors. The Clerk said that it could have been refused for any reason and he did not know what those reasons were.

2. Petitioner is acting Pro Se and through an inadvertence did not sign her Petition, other than the certificate of compliance. Further, Petitioner inadvertently did not include a service page or signature block after the prayer. Petitioner did not realize she had made these mistakes until Petitioner's PDR was summarily refused shortly after being received by the Court. Petitioner was informed by the Clerk of the Court that she had to send in several more copies of the PDR and Petitioner intended to send them when she learned that her PDR was refused. Petitioner respectfully requests that if the Court refused her PDR based solely upon the clerical errors and number of PDR's submitted, that the Court consider Petitioner's corrections (service page and signatures) to her PDR and grant review.

### B. THE COURT SHOULD NOT REFUSE PETITIONER'S PDR AS PETITIONER HAS MERITORIOUS CLAIMS THAT PETITIONER'S RIGHTS UNDER THE DOUBLE JEOPARDY CLAUSE WERE VIOLATED AND THAT IT WAS HARMFUL ERROR NOT TO SEND PETITIONER'S CASE TO THE TRIAL COURT FOR A NEW TRIAL ON

2

GUILT OR INNOCENSE AND NOT JUST PUNISHMENT ON THE REMAINING THEFTS AND COMPLAINING WITNESSES

3.      The Court of Appeals held any harm resulting from the inclusion of Bledsoe, on whom Petitioner received a directed verdict of acquittal, in the charge can be remedied by reforming the judgment to reflect conviction of the lesser-included offense of theft of property with an aggregated value of between $20,000 and $100,000.

4.      It was not harmless error which could be corrected by a reformation in the judgment because Petitioner was convicted of a lesser included offense or of elements of thefts constituting aggregated theft on rebuttal post-acquittal fact-finding testimony.

5.      Petitioner certifies that this motion for rehearing is grounded on significant circumstances and the motion is made in good faith and not for delay and so that justice might be done. If Petitioner is entitled to relief for violation of the Double Jeopardy Clause of the U.S. Constitution, then justice may only be had if Petitioner's PDR is considered.

### IV.    ARGUMENTS AND AUTHORITIES

6.      This Court has the authority to reconsider its refusal of a Petition for Discretionary Review if the Petitioner files a motion for rehearing pursuant to Tex. R. App. P. Rule 79. The motion for rehearing is due within 15 days of the refusal of Petitioner's PDR on April 22, 2015 which is May 7, 2015.

7. As the Court does not allow petitioners to know the reasons for a refusal of a petition for discretionary review, Petitioner does not know if the clerical errors in her PDR were the cause of the Court's initial refusal of her PDR. However, Petitioner argues that pursuant to the Double Jeopardy Clause, Petitioner is entitled to a new trial on the guilt or innocence phase of Petitioner's trial and not just the punishment phase.

8. Petitioner was convicted of six constituent thefts of six complaining witnesses. It is undisputed that Petitioner received a directed verdict as to one of the complaining witnesses after the State rested its case. A rebuttal witness was called to testify as to the fact finding of the acquitted theft, which theft was then resurrected and acquittal set aside by the trial court.

9. The Court of Appeals has held that it was error to reverse the acquittal in violation of the Double Jeopardy Clause, but that any harm to Petitioner could be corrected with a reformation of the judgment to the lesser included offense. In this Court's opinion in *Ex Parte Goodman*, 152 S.W.3d 67, 71-72 (Tex. Crim.App.2004), it was faced with a similar situation with one very important difference; the State in *Ex Parte Goodman* was never allowed to prosecute in the second indictment using facts from the acquitted first indictment. Specifically, *Ex Parte Goodman*, this Court determined that the State may attempt to prove any number of the aggregated theft's constituent thefts. Moreover, in *Ex Parte*

*Goodman,* consistent with the Double Jeopardy Clause, this Court determined that the State may not attempt to relitigate the facts underlying the theft alleged in the first indictment in an effort to prove that offense or any of its lesser included offenses as one of the aggregated theft's constituent thefts. In other words, the State, in proving aggregated theft, may not rely upon proof of the theft alleged in the first indictment or any of its lesser included offenses.

10. The larger difference between *Ex Parte Goodman* and Petitioner's case is that the trial court and the State went one step further when it introduced rebuttal post-acquittal fact-finding testimony of a witness to bolster the testimony of the acquitted complaining witness. Having already been acquitted of the complaining witness and after the State concluded its case, Petitioner took the stand to testify. After Petitioner's testimony, a rebuttal witness was called to testify and the trial court reversed its decision after the rebuttal witness' testimony.

11. The jury determined its findings of guilt or innocence on the acquitted complaining witness and the other complaining witnesses (lesser included offense) based in whole or in part upon the rebuttal post-acquittal fact-finding testimony. The U.S. Supreme Court has determined that post-acquittal fact-finding testimony to prove the truth of that offense or a lesser included offense violates the Double Jeopardy Clause of the U.S. Constitution. *Smith v. Massachusetts,* 543 U.S. 462,

5

467, 125 S. Ct. 1129, 1134 (2005) (quoting *Smalis v. Pennsylvania*, 476 U.S. 140, 145, 106 S. Ct. 1745, 1749 (1986)).

12.    In the Court of Appeals ruling that it could reform the judgment to include the lesser including offenses presupposes that Petitioner would not have been acquitted on all of the other thefts of the other complaining witnesses. The Court of Appeals has made a factual determination substituting its own fact finding for the jury's fact finding. It is impossible to know if the jury would have acquitted Petitioner on guilt or innocence of all the thefts if the damaging testimony of the post-acquittal fact-finding rebuttal witness' testimony had not been heard by the jury. The other complaining witnesses and thefts were merely contractual disputes, but the rebuttal witness' testimony was clearly testimony of Petitioner taking her money and literally running with the money and never to be seen or heard from again by rebuttal witness.

13.    For this very reason, the Double Jeopardy Clause requires the trial court to take any post-acquittal fact-finding testimony out of the equation so that a defendant may be found guilty only of the offenses he or she has committed and not based upon post-acquittal testimony to prove the trust of the other lesser included offenses.

## V.   PRAYER

Wherefore Premises Considered, Petitioner requests that the Court grant Petitioner's Motion for Rehearing and to grant Petitioner all other relief to which she may show herself justly entitled.

Respectfully submitted,

By: _____
DONNA HOLCOMB     (PRO SE)
4906 Scott Reef Dr.
Bacliff, Texas  77518
Ph.  281-942-8840
Email:  d_holcomb@aol.com
Petitioner, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following:

_____
DONNA HOLCOMB     (PRO SE)

Harris County District Attorney        *Via U.S. Mail*
1201 Franklin
Houston, Texas  77002

UNITED STATES
POSTAL SERVICE®

PRIORITY
★ MAIL ★

UNITED STATES
POSTAL SERVICE®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FOR DOMESTIC AND INTERNATIONAL USE

Label 228, July 2013

PRIORITY
★ MAIL ★

PRIORITY
★ MAIL ★

VISIT US AT USPS
ORDER FREE SUPPLIES

WHEN USED INTER
AFFIX CUSTOMS DI

MEDIUM FLAT RATE BOX
FOR DOMESTIC AND INTERNATIONAL USE

CERTIFIED MAIL

7034 3490 0000 1908 2952

FROM:

Donna Halcomb
490 Scott Street
Luckey, OH 45 RY MAIL

To: Court of Criminal Appeal
201 West 14th Street
Austin, TX 78701

Filled under
Mail Box Rate



U.S. POSTAGE
$18.65
PM 2-DAY
77573 0004
Date of sale
05/07/15
06 2S00
08349756 SSK

A69 150508030954

Expected Delivery
05/11/2015

PS00001000000