

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JAIME PORRAS, JR., | § | No. 08-13-00149-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | 112th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | § | of Pecos County, Texas |
| | § | |
| Appellee. | § | (TC# 3208) |
| | § | |

## O P I N I O N

Jaime Porras, Jr. appeals his convictions of injury to a child (three counts). A jury found Appellant guilty of Counts 1, 2, and 3, and assessed his punishment on each count at imprisonment for a term of eight years and a fine of $5,000. For the reasons that follow, we affirm.

## FACTUAL SUMMARY

A Pecos County grand jury indicted Appellant for three counts of bodily injury to a child alleged to have been committed on or about December 20, 2011. *See* TEX.PENAL CODE ANN. § 22.04(a)(3)(West Supp. 2014); TEX.PENAL CODE ANN. § 1.07(8)(West Supp. 2014)(defining "bodily injury" as "physical pain, illness, or any impairment of physical condition"). The indictment alleged that Appellant intentionally or knowingly caused bodily injury to a child, J.P., by biting the child on the face (Count 1), the arm (Count 2), and the legs (Count 3) with

Appellant's teeth. The child named in the indictment is Appellant's daughter, who was at the time of the events in question less than six months old.

Appellant's wife, Krista Jaques, testified at trial that on the morning of December 20, 2011, she saw Appellant bite their daughter and the child reacted by screaming and crying. Jaques looked at her daughter and saw bite marks on her face, legs, and arm. When Jaques' mother came by the house, Jaques and J.P. left with her and they went to her mother's house in Fort Stockton. Her mother called the Pecos County Sheriff's Department. After meeting with a deputy sheriff, Jaques took J.P. to a hospital. Amanda Hayter, a registered nurse, was working in the emergency room that day and she examined the child's injuries. Hayter saw what she described as "obvious" bite marks on J.P.'s cheeks, and three distinct sets of bite marks on the child's lips. There was a healing scab on the lip but it had been reinjured. Hayter also found bite marks on the child's thighs and arm. The bruise associated with the bite mark on the front of the right thigh was a brownish purple while the one on the front of the left thigh was purple and red. A bite mark on the back of the left thigh was purple. The bite mark on the left arm was red. Hayter explained to the jury that bruises usually heal within seven to ten days and they change colors during the course of the healing process. Hayter expressly testified that the bite marks were in various stages of healing. Appellant admitted during his interview with law enforcement officers that he had bitten the child's face, but he initially denied biting her on the arms and legs. At the end of the interview, however, Appellant indicated he had also bitten the child's arm and legs. Ricardo Carreon, an investigator for the Texas Department of Family and Protective Services, also interviewed Appellant regarding the child's injuries. Appellant told Carreon that he woke up and saw J.P. kicking her legs like she was peddling a bicycle and he went over to her and bit her on the leg. The child reacted by crying out in pain. Appellant hugged J.P. and told

- 2 -

her he was sorry. Appellant told Carreon that he left the room, but he returned several times and bit J.P. on both sides of the face, the arm, and both legs. Both his wife and aunt had asked him to stop biting the child but he did not stop. Appellant testified at trial and denied ever biting his daughter, and he claimed to have instead sucked on her face, arm, and legs with his mouth.

The jury found Appellant guilty on all three counts of bodily injury to a child. After the jury returned its verdict but before the sentencing phase, defense counsel requested that the State choose one count on which to proceed to punishment. Appellant's counsel argued that, by indicting Appellant on three felony counts occurring "on or about December 20, 2011," the State effectively alleged all three counts had occurred during the same transaction. Appellant's counsel then asserted an objection to proceeding to the punishment phase on all three counts as a violation of the prohibition against double jeopardy. The trial court effectively overruled Appellant's objection[1] and the punishment charge included all three counts. The jury assessed Appellant's punishment on each count at a fine of $5,000 and imprisonment for a term of eight years. The judgment provides that the sentences will run concurrently.

## DOUBLE JEOPARDY

In his sole issue, Appellant asserts that his conduct constituted a single offense and his conviction of and punishment for three separate counts violated the prohibition against double jeopardy under both the Texas and United States constitutions.

### Waiver of Separate Analysis of
### Federal and State Constitutional Provisions

It is well established that an appellant waives separate analysis of his federal and state constitutional rights when he fails to point out any meaningful distinctions between the two. *See Barley v. State*, 906 S.W.2d 27, 36 (Tex.Crim.App. 1995); *Heitman v. State*, 815 S.W.2d 681,

---

[1] The trial court stated that the objection was sustained, but announced that the case would proceed to the jury on all three counts. The punishment charge included all three counts.

690 n.23 (Tex.Crim.App. 1991). The Court of Criminal Appeals has held that the double jeopardy protection provided by Article I, Section 10 of the Texas Constitution is conceptually identical to that provided by the Fifth Amendment. *Phillips v. State*, 787 S.W.2d 391, 393 n.2 (Tex.Crim.App. 1990). Appellant does not distinguish the federal and state constitutional protections against double jeopardy or explain how the Texas Constitution provides different protection. Accordingly, we will restrict our review to the federal double jeopardy provision. *See Heitman*, 815 S.W.2d at 690 n.23.

*The Fifth Amendment Double Jeopardy Claim*

The Double Jeopardy Clause of the United States Constitution protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *United States v. Dixon*, 509 U.S. 688, 695-96, 113 S.Ct. 2849, 2855, 125 L.Ed.2d 556 (1993); *Langs v. State*, 183 S.W.3d 680, 685 (Tex.Crim.App. 2006). Appellant asserts that he has been improperly subjected to multiple punishments for the same offense.

As a general rule, a party must preserve an appellate complaint by making a timely and specific objection, motion, or request in the trial court. *See* TEX.R.APP.P. 33.1. The Court of Criminal Appeals has held that a potential multiple-punishment double-jeopardy claim may be forfeited if the defendant does not properly preserve the claim by raising it in the trial court at or before the time the charge is submitted to the jury. *Langs*, 183 S.W.3d at 686 & n.22; *Gonzalez v. State*, 8 S.W.3d 640, 642-43 (Tex.Crim.App. 2000). Requiring the defendant to preserve his multiple punishments claim serves legitimate state interests and is consistent with the underlying policies of the general rules of procedural default because the trial court and the prosecution has

an opportunity to remove the basis of the objection and avoid the risk of an unnecessary retrial. *Langs*, 183 S.W.3d at 686 n.22, *citing Gonzalez*, 8 S.W.3d at 645-46.

The record before us does not reflect that Appellant objected to the indictment on double jeopardy grounds. Further, he did not raise a double-jeopardy objection before the guilt-innocence charge was submitted to the jury. Appellant instead waited until after the jury had returned guilty verdicts on all three counts to object. This objection was untimely, but the Court of Criminal Appeals has recognized a limited exception to the preservation requirement. A defendant is permitted to raise a double-jeopardy claim for the first time on appeal when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests. *Langs*, 183 S.W.3d at 686 n.22; *Gonzalez*, 8 S.W.3d at 642-43. A double-jeopardy claim is apparent on the face of the trial record if resolution of the claim does not require further proceedings for the purpose of introducing additional evidence in support of the double-jeopardy claim. *Ex parte Denton*, 399 S.W.3d 540, 544 (Tex.Crim.App. 2013); *Ex parte Knipp*, 236 S.W.3d 214, 216, n.3 (Tex.Crim.App. 2007); *Gonzalez*, 8 S.W.3d at 643.

In *Huffman v. State*, 267 S.W.3d 902, 907 (Tex.Crim.App. 2008), the Court of Criminal Appeals examined several cases addressing what constitutes the "same offense" in the context of double-jeopardy and jury-unanimity issues, including injury to a child cases, and it reached the following conclusion:

> The common thread in all of these cases seems to be 'focus.' We use grammar and we look to other factors bearing on whether different legal theories constitute the 'same' offense or 'different' offenses, but those tools seem useful mainly as an aid to determining focus. The focus or 'gravamen' of the offense seems to be one of the best indicators of the allowable unit of prosecution prescribed by the legislature. If the focus of the offense is the result—that is, the offense is a 'result of conduct' crime—then different types of results are considered to be separate offenses, but different types of conduct are not. On the other hand, if the focus of

the offense is the conduct—that is, the offense is a 'nature of conduct' crime—then different types of conduct are considered to be separate offenses.

*Huffman*, 267 S.W.3d at 907.

Injury to a child is a result-oriented offense. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex.Crim.App. 2007); *Villanueva v. State*, 227 S.W.3d 744, 748-49 (Tex.Crim.App. 2007). In a result-oriented offense, the focus or gravamen of the offense is the result of the criminal conduct and the bodily injury suffered by the victim. *See Villanueva*, 227 S.W.3d at 748. Consequently, whether separate legal theories comprise separate offenses depends upon whether the theories differ with respect to the result of the defendant's conduct. *Huffman*, 267 S.W.3d at 905.

The indictment charged Appellant with violating the injury to a child statute by biting his daughter on three different parts of her body on the same on-or-about date. Appellant argued in the trial court that this amounted to an allegation that he committed the acts on the same date, and therefore, it is a single offense. We disagree. An indictment may allege any date that is within the statute of limitations for the charged offense and before the date of the presentment of the indictment. *Ex parte Goodman*, 152 S.W.3d 67, 71 (Tex.Crim.App. 2004); *Sledge v. State*, 953 S.W.2d 253, 255-56 (Tex.Crim.App. 1997). When an indictment alleges that an offense occurred on or about a particular date, the accused is put on notice to prepare for proof that the offense happened at any time within the statutory period of limitations. *Thomas v. State*, 444 S.W.3d 4, 9 (Tex.Crim.App. 2014). Consequently, the conduct that formed the basis of each count could have taken place on different dates rather than on the same date as claimed by Appellant.

There is no undisputed evidence in the record showing that all of the biting injuries occurred at the same time during a single biting incident. J.P.'s mother observed Appellant bite the child on the morning of December 20, 2011, and she also observed other bite marks on the

child's face, arm, and legs. The nurse who examined J.P. later that same morning testified that the bite marks were in different stages of healing. Thus, the evidence supports a conclusion that the visible biting injuries to J.P.'s face, arm, and legs were inflicted on different dates and are discrete injuries. To present his double jeopardy claim, additional proceedings would be required for Appellant to establish that the biting injuries which are the subject of the indictment were inflicted at the same time in a single assaultive event. We conclude that Appellant is not permitted to raise his double jeopardy claim in this appeal because he failed to show that the undisputed facts establish that a double jeopardy violation is apparent on the face of the record. It is unnecessary to analyze the second prong of the test.

Even if Appellant had preserved his double jeopardy claim, we would conclude based on the record before us that the biting injuries to the child's face, arm, and legs are separate and discrete injuries resulting from different assaults on the child, and therefore, they are not the same injury to a child offense for purposes of a double jeopardy analysis. We overrule the sole issue presented and affirm the judgment of the trial court.


September 2, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)